DeAngelis, Appellant, *v.* Burns.

Argued May 25, 1961. Before JONES, C. J., BELL, JONES, COHEN, BOK and EAGEN, JJ.

*Joseph D. Shein,* for appellant.

*Bernard J. Smolens,* with him *Schnader, Harrison, Segal & Lewis,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, June 26, 1961:

This appeal arises out of an action in trespass for personal injuries which the plaintiff sustained, while standing at a bus stop on the west sidewalk of Rising Sun Avenue in Philadelphia, when struck by an automobile driven by one John J. Burns, Jr. A bus of the Philadelphia Transportation Company, proceeding southwardly on Rising Sun Avenue, after having passed where the plaintiff was standing and having reached a point several hundred feet to the south of her, was struck on its right-hand side by the automobile operated by Burns who was proceeding north on Rising Sun Avenue on the wrong side of the highway. The Burns automobile, after glancing off the bus, moved on a diagonal further to the left, mounted the sidewalk on the west side of Rising Sun Avenue and struck the

plaintiff, causing the injuries for which she brought suit. The bus driver testified that he moved his bus toward the left, when he saw the Burns automobile coming toward him on the wrong side of the street, in order to avoid a possible head-on collision and also because he judged that, without moving to the left, there would not be sufficient street space on the right-hand side of his bus for the Burns automobile to pass between the bus and the west curb of Rising Sun Avenue. Burns admitted having fallen asleep at the wheel of his car which caused it to take the course it did.

The plaintiff sued both Burns and the Philadelphia Transportation Company jointly to recover damages for her injuries. At trial, the jury returned a verdict in the plaintiff's favor against Burns in the amount of $20,000 but found for the Philadelphia Transportation Company. The plaintiff moved for a new trial against the Philadelphia Transportation Company, which the court below refused. From the judgment entered on the verdict for the Philadelphia Transportation Company, the plaintiff has appealed.

In support of her motion for a new trial, the plaintiff assigned as error the refusal of the trial judge to affirm her second, third and fourth points for charge, which were as follows:

"2. 'Concurrently negligent' may be defined as 'combined negligence' of both defendants as a direct result of which the injury complained of was brought about. O'Malley v. P. R. T., 248 Pa. 292; Rodgers v. Yellow Cab, 147 A. 2d 611 (1959).

"3. 'Concurrently negligent' can be further defined as follows: 'Where an original tortfeasor (wrongdoer) by his active negligence creates a dangerous condition and thereafter a second intervening negligent actor does not become appraised of such danger until his own negligence, added to that of the existing perilous condition has made the accident inevitable, the negligent

acts of the two tortfeasors (wrongdoers) are contribut-
ing causes and proximated factors in the happening of
the accident and impose liability upon both of the
guilty parties.' Chadwick v. Popadick, 390 Pa. 511
(1957).

"4. If you find from the evidence that immediately
prior to the accident the bus of defendant, Philadel-
phia Transportation Company, was upon the wrong
side of the highway, then you are instructed that the
operator of the bus committed a violation of The
Vehicle Code, Sec. 521, which provides: 'Upon all high-
ways of sufficient width . . . the driver of a vehicle
shall drive the same upon the right half of the high-
way and shall drive as closely as possible to the right
hand edge or curb of such highway unless it is imprac-
ticable to travel on such side of the highway and ex-
cept when overtaking and passing another vehicle.' "

The following excerpts from the opinion of the
court below amply justify the court's refusal to affirm
the above quoted requests for charge submitted by the
plaintiff: "There was no error on the part of the trial
judge in not adopting the exact language of plaintiff's
points for charge 2 and 3. Analysis of the instructions
to the jury reveals that the issue of liability for negli-
gence on the part of the Philadelphia Transportation
Company and the causal connection to the injuries sus-
tained by plaintiff were clearly submitted to the finders
of fact. Although these instructions were not given by
means of the somewhat involved legal terminology sug-
gested by plaintiff's counsel this is no reason to grant
a new trial. Struppler v. Rexford, 326 Pa. 545, 548.
Plaintiff's points 2 and 3 dealt with the definition of
'concurrent negligence.' There would appear to be con-
siderable doubt as to the applicability of some of the
matters referred to in the points to the facts of this
case. Moreover, it has been held repeatedly that it is
much more important to clarify the issues in a manner

so as to provide aid and guidance for the jury than to simply read portions of appellate court opinions. 'A charge may be technically correct and yet be to the jury meaningless and useless.' Kins v. Deere, 359 Pa. 106, 113. Thus, in Harman v. Chambers, 358 Pa. 516, 520, it was held that it was not necessary to use the 'legal terms of "offer" and "acceptance" ' in the charge as long as 'the issue as to the alleged contract was submitted to the jury clearly and fairly in terms readily understandable by the jury.' 'Furthermore, we doubt the wisdom or advisability of a court's using abstruse legal terms to instruct a jury where their use is not absolutely necessary.' Klein v. Weissberg, 114 Pa. Superior Ct. 569, 575. Cf. Pleasant v. Carr, 387 Pa. 634, 635; Hess v. Mumma, 136 Pa. Superior Ct. 58, 65-66. Consequently, since plaintiff's points would have done little, if anything, to clarify the crucial issues, and, as the points might well have confused the jury, it was certainly not error to omit them from the charge.

"In refusing plaintiff's fourth point for charge, the trial judge said that there was no evidence to support that point. However, it is significant that there was no indication to the jury as to what was contained in that point. Thus, the jury could not have known what it was that the judge had decided was unsupported by the evidence. This point dealt with The Vehicle Code provision having to do with driving on the wrong side of the highway. There is no evidence to support a finding that even if the bus were partly on the wrong side of the street, this in any way caused Burns' car to come into collision with the bus and eventually hit plaintiff.

"Besides, there is nothing in the record on which to base a finding that the actions of the operator of the bus were the proximate cause of Burns' automobile's hitting plaintiff, or, indeed, that any negligence on the part of the operator of the bus contributed to

plaintiff's injuries. There is, of course, no doubt as to the necessity of adequate causal relation in order to impose liability for another's harm. There is no liability even if negligent conduct is shown unless that negligence is 'a causative factor of the accident' or 'a substantial factor in bringing about the harm'. Davis v. Potter, 340 Pa. 485, 487; Simon v. Hudson Coal Co., 350 Pa. 82, 85; Harrison v. Pittsburgh, 353 Pa. 22, 24-25. Hence, a new trial could not be predicated upon the failure to read plaintiff's point 4."

The jury's verdict was eminently in accordance with the evidence. The plaintiff's injuries were the result of Burns' palpable negligence and the jury was well justified in finding that there was no negligence on the part of the bus driver that could be deemed to have been the proximate cause of the accident which most unfortunately befell the plaintiff.

Judgment affirmed.