**Alvin FRANKEL, Administrator of the Estate of Louis Benham, Jr., Deceased**

**v.**

**PHILADELPHIA SUBURBAN TRANSPORTATION COMPANY, Inc., and Joseph McMadden, a minor, Philadelphia Suburban Transportation Company, Inc., Appellant.**

**No. 18108.**

United States Court of Appeals, Third Circuit.

Argued March 3, 1970.

Decided March 17, 1970.

Norman Paul Harvey, Liebert, Harvey, Herting, Short & Lavin, Philadelphia, Pa., for appellant.

Lynn L. Detweiler, Swartz, Campbell & Detweiler, Philadelphia, Pa., for appellee.

Before SEITZ, VAN DUSEN and ADAMS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Philadelphia Suburban Transportation Company, Inc. (Transportation Company) appeals from the denial of its motions for judgment n. o. v. and a new trial. It contends that there was insuf-

ficient evidence to support the jury's verdict that the behavior of its employee, the operator of a trolley car, was negligent and that this alleged negligence was the proximate cause of the death of plaintiff's decedent. In addition it maintains that the instructions by the trial judge on the "sudden emergency" doctrine were erroneous and thus grounds for a new trial.

Decedent, a passenger in an automobile operated by Joseph McFadden, Jr., died when McFadden's automobile collided with a trolley operated by the Transportation Company. The accident occurred when the driver of the automobile travelling north suddenly turned east without signalling, and collided with Transportation Company's trolley car that was proceeding south on its right of way which ran parallel to the public street.

In a suit under diversity jurisdiction against both the driver of the automobile and the Transportation Company, the jury returned a verdict against both defendants thereby finding that the negligence of each was the proximate cause of the accident.[1]

After reviewing the evidence in the light most favorable to the verdict winner, we conclude that a jury question existed as to the liability of the Transportation Company.

There is testimony that although the trolley operator saw the automobile about to cross its path without stopping, he did not apply the brakes of the trolley until the time of impact. The operator testified that when the automobile turned east, the trolley was going ten to twenty miles per hour and was twenty to twenty five feet from the north side of the intersection. Although the Transportation Company argues that failure to apply the brakes was not the proximate cause of the accident because even if the operator had applied the brakes he could not have avoided the collision, evidence

in support of this conclusion is not established in the record. The cases of De Angelis v. Burns, 404 Pa. 230, 171 A.2d 762 (1961) and Majors v. Brodhead Hotel, 416 Pa. 265, 205 A.2d 873 (1965), relied on by the Transportation Company, are therefore not apposite.

■ Plaintiff's witness, Smith, a physicist, after examining the scene of the accident, testified that the trolley was proceeding at 32.5 miles per hour. To offset the possibility that the jury verdict against it was based only on such speed, the Transportation Company cites cases for the proposition that speed alone does not constitute evidence of negligence. However, even if we accept the contention that speed alone is not conclusive on the issue of negligence, the evidence that the operator observed a car turning in front of the trolley and did not slow down, would clearly permit an inference of negligent conduct unrelated to speed.

Indeed, in view of the contradictory testimony as to the speed of the trolley, a jury might well draw the inference that the trolley operator accelerated instead of braking the trolley in order to "beat the car" through the intersection. Of course, if this alternative conclusion were believed by the jury, it could find that the operator acted negligently under the circumstances.

■ The Transportation Company complains that the trial judge did not charge, as a matter of law, that a sudden emergency existed and that the jury should examine the conduct of the operator in light of what an ordinary person might do in a sudden emergency. Instead, the trial judge left to the jury the question whether a sudden emergency not caused by the operator did, in fact, exist. He then instructed the jury that if it found such emergency did exist, the operator was required only to exercise his best judgment under the circumstances. In view of the conflicting testi-

---

1. The issues of liability and damages were separated. After the liability verdict against both defendants, the plaintiff's claim for damages were settled with each defendant contributing one half, pending the outcome of the appeal.

mony regarding the speed of the trolley car, we do not believe that the trial judge was in error in permitting the jury to decide whether a sudden emergency not occasioned by the operator's negligence did, in fact, exist.

Accordingly, the judgment of the District Court will be affirmed.