## Arnold v. Lemon

*Franklin E. Kepner, Jr.,* for plaintiff.
*John A. Mihalik,* for defendant.

MYERS, *P.J.,* August 27, 1981—Plaintiff's complaint alleges that defendant and defendant's employes served intoxicating beverages to plaintiff in defendant's tavern on a night in November, 1980. At the time the complaint stated that plaintiff was a minor and also visibly intoxicated. Plaintiff further alleges that, as a result of his intoxication, he became involved in an altercation with another individual. Plaintiff now seeks damages for various injuries which he allegedly suffered in the scuffle.

Defendant has filed a demurrer to the complaint. The demurrer is now before the court for disposition.

If a tavern owner or his employes, in violation of the law, sells intoxicating liquor to a minor or to a visibly intoxicated person, the tavern owner is liable for any injuries subsequently suffered by the customer, if the tavern owner's wrongful conduct is a substantial factor in causing the resultant injuries: Connelly v. Zeigler, 251 Pa. Superior, Ct. 521, 380 A. 2d 902 (1977). The tavern owner's conduct need not be the only factor in bringing about the customer's injuries, but such conduct must be a substantial factor. "Substantial factor" means that the customer's injury would have been sustained even if the tavern owner had not been negligent:

Restatement, 2d, Torts, §432; DeAngelis v. Burns, 404 Pa. 230, 171 A. 2d 762 (1961); Majors v. Brodhead Hotel, 416 Pa. 265, 205 A. 2d 873 (1965).

In the present case, defendant claims that there is no causal connection between his alleged negligence and plaintiff's injuries. Further, defendant contends that an intervening cause—precipitated by the other participant in the fight—was the sole factor in producing plaintiff's injuries.

However, the complaint specifically alleges that plaintiff became involved in the fight "as a result of [becoming] extremely intoxicated." It is for the jury to determine whether defendant's alleged misconduct was a substantial factor. At this preliminary stage, we cannot conclude, as a matter of law, that plaintiff's involvement in the fight was not substantially caused by defendant's alleged misconduct.

The liability of tavern owners has been discussed in a number of appellate decisions. In Majors, supra, the tavern owner was held liable upon the evidence that an intoxicated customer was served alcoholic beverages, and then jumped or fell from a ledge onto a kitchen roof 45 feet below. In Connelly, supra, the tavern owner was also found to be liable when an intoxicated customer left the bar, went to a friend's house and fell down a flight of stairs.

We have located only one case which directly comments upon the legal consequences which flow from the propensity of some intoxicated persons to become involved in altercations with others: Roach v. Kelly, 194 Pa. 24, 44 Atl. 1090 (1899), held the tavern owner not liable as a matter of law, because the tavern owner's misconduct was "so remote from the injury." The customer in Roach had broken his neck by falling into an unguarded sewer hole while the customer was fleeing from police who had been

summoned to break up a fight in which the customer had engaged after leaving the bar.

While finding the tavern owner not liable, Roach added the following relevant dicta: "Admit that the [customer's] . . . quarrelsomeness [was] prompted by the liquor and resulted in the fight; [the customer] received no injury in that consequence of the [tavern owner's] act; the direct effect of the liquor ended with the fight." supra, 44 Atl. 1091. Roach further states that the tavern owner should have foreseen that the customer's "quarrelsome disposition" could have been excited by too much liquor, thereby causing the customer to suffer injuries "from a blow inflicted by some insulted antagonist."

Roach thus directly suggests that a tavern owner can be held liable for injuries suffered by an intoxicated customer, if the customer becomes involved in an altercation as a result of his intoxication. To obtain a verdict in such circumstances, the injured customer must prove, inter alia, that his intoxication was a substantial factor in causing him to become involved in an altercation. Accordingly, plaintiff is faced with the aforesaid burden of proof in the present case. However, the alleged chain of events which gave rise to plaintiff's injuries are not so "highly extraordinary" that defendant should be relieved of liability as a matter of law: Restatement, 2d, Torts, §435.

## ORDER

And now, August 27, 1981, defendant's demurrer is hereby denied. Defendant is granted leave to file an appropriate responsive pleading within 20 days of service of this order.