## Yenchko v. Grontkowski, Appellant.

Argued April 18, 1956. Before Stern, C, J., Jones, Bell, Chidsey, Musmanno and Arnold, JJ.

*Arthur Silverblatt,* with him *Arthur H. James,* and *James, McLean, Silverblatt & Miner,* for appellants.

*Roy B. Pope,* with him *John L. Bigelow,* for appellees.

OPINION BY MR. JUSTICE ARNOLD, May 21, 1956:

In this action of trespass, tried by the court without a jury, under the Act of 1874, defendants appeal from judgment entered for plaintiffs.

Defendants specifically assign as error the court's findings on negligence and proximate cause.

In a determination of the present matter we must first assert the well established principle in our law that the findings of the trial court, confirmed by the court en banc, having evidence to sustain them, have the weight of a verdict by a jury, and will not be disturbed on appeal: *Jackson & Perkins Company v. Mushroom Transportation Company,* 351 Pa. 583, 584, 41 A. 2d 635; *Leister v. Miller,* 376 Pa. 452, 455, 103 A. 2d 656.

The facts established by plaintiffs, and believed by the court below, were that in November, 1950, plaintiffs' land and buildings were damaged as a result of the flow of a large volume of surface water from defendants' land. Defendants' land was used as a park, and had thereon a lake used for boating and ice skating. Plaintiffs own adjacent land which has been devoted to housing development. Both at the time of plaintiffs' purchase and that of defendants, the natural flow of water from defendants' land was in a northerly

direction toward plaintiffs' land, but to a considerable extent in a westerly direction toward the lake.

Prior to the occurrence giving rise to this action, defendants had deposited dirt along the east side of the lake into which surface waters normally flowed; and also had knowingly permitted an intake pipe, which carried waters into the lake, to be blocked by rags and rocks.

On November 25, 26 and 27, 1950, "a severe rain storm" occurred; and as a result of the earthen deposit and the blocking of the drainage pipe, a great volume of water was diverted upon plaintiffs' land, causing the damage to their land and buildings.

Defendants contend there is no evidence to support the court's findings that the natural flow of water from their lands had not only been in a northerly direction but westerly (away from plaintiffs) as well. However, there is ample evidence to sustain this conclusion, supplied by both lay and expert witnesses for plaintiffs. Appellants also assert that the court erred in finding that they knowingly permitted or directed the deposit of dirt and the blocking of the drainage pipe. Here again they have no foundation for their contention. The court chose to believe the plaintiffs' version of the circumstances, and nothing appears in the record to require a reversal of the court's conclusion in this respect.

That the acts of the defendants were the proximate cause of the damage cannot be questioned by defendants. There was positive affirmative testimony that the blocking of the pipe and the deposit of dirt caused the water to flow on plaintiffs' land as it did.

Defendants contend that even though it be found that they were negligent, the severe rainstorm was an act of God, and since plaintiffs did not show that the injury would not have occurred except for their negligence, they cannot recover. But defendants, though

they assert an accepted theory of the law, produced no evidence in this regard,—in fact there is none in the record from any source. It is the burden of the party asserting an act of God as a defense to come forward with the proof as to its effect. Unless he does so, the act of God avails him nothing if his negligent conduct contributed to the damage: *Carlson v. A. & P. Corrugated Box Corporation,* 364 Pa. 216, 223, 72 A. 2d 290.

With this view of the case it is unnecessary to treat of other contentions of the defendants, which incidentally were not raised in the court below.

Judgment affirmed.