## Majors *v.* Brodhead Hotel, Appellant.

Argued October 2, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*John D. Ray,* with him *Ray & Good,* for appellant.

*Charles M. Barrickman,* with him *James B. Ceris,* and *Wallover and Barrickman,* for appellee.

OPINION BY MR. JUSTICE COHEN, January 5, 1965:

This is an appeal from the judgment of the lower court entered after overruling defendant-appellant's motions for judgment n.o.v. or for a new trial.

The undisputed facts are as follows. At approximately ten o'clock p.m., on March 10, 1962, plaintiff, who was sober at that time, and his wife went to a ballroom on the sixth floor of defendant's hotel to attend a dance sponsored by the Optomist Club of Beaver Falls. The club provided the band. The defendant provided the space, bartenders, and waitresses and sold alcoholic beverages by the bottle and the drink directly to the persons attending the dance. The club paid a fee to the hotel, the amount decreasing in inverse proportion to the amount of liquor sold. By and large, bottles were sold to groups at tables, where "set-ups" were provided, and individual drinks were sold at a bar adjoining the ballroom. Between ten o'clock p.m. and two o'clock a.m. four or five "fifths" of liquor were sold to the group of twelve people at plaintiff's table. Plaintiff spent very little time at his table after midnight. By two o'clock a.m. plaintiff had become exceedingly inebriated. At about that time plaintiff, who was causing a commotion in the men's bathroom, was confined there for the purpose of keeping him out of trouble while the patrons were

leaving, the dance being over. But plaintiff crawled through a window in the bathroom that led out onto a roof adjoining the sixth floor of defendant. Plaintiff proceeded quite a few feet along a cyclone fence which enclosed the roof until he came to an opening in the fence. He went through the opening, out onto a ledge and, from there, fell or jumped some forty-five feet onto the roof of defendant's kitchen below and was injured.

Plaintiff's case was tried upon the theory that defendant's liability rested upon the serving of liquor to plaintiff while he was visibly intoxicated in violation of the "Liquor Code" which provides that it shall be unlawful "[f]or any licensee . . . or any employe, servant or agent of such licensee . . . to sell, furnish or give any liquor . . . to any person visibly intoxicated. . . ." 1951, April 12, P. L. 90, §493(1), 47 P.S. §4-493(1).

This provision was, in part, intended to protect the interest of another as an individual. Also, the interest of the plaintiff which was invaded here was one which the act intended to protect. Accordingly, in cases such as this, we have held that a violation of this statute is negligence per se and, if the violation was the proximate cause of plaintiff's injury, defendant is liable for it. *Jardine v. Upper Darby Lodge No. 1973,* 413 Pa. 626, 198 A. 2d 550 (1964); *Smith v. Clark,* 411 Pa. 142, 190 A. 2d 441 (1963); *Schelin v. Goldberg,* 188 Pa. Superior Ct. 341, 146 A. 2d 648 (1958); Restatement, Torts, §286. See also *Corcoran v. McNeal,* 400 Pa. 14, 161 A. 2d 367 (1960).

In the case at bar there was no evidence that defendant served plaintiff at his table while visibly intoxicated. However, there was clear and direct evidence, although it was contradicted, that plaintiff was served one drink at the bar at about 12:30 a.m., and there was a great deal of uncontradicted evidence that

plaintiff was visibly intoxicated at that time. Accordingly, the jury was justified in finding that there was a violation of the statute and that, therefore, defendant was negligent per se. However, defendant asserts certain other propositions in support of its motions for judgment n.o.v. and a new trial.

First, defendant contends that the trial court erred in failing to instruct the jury on the issue of contributory negligence. *Schelin v. Goldberg,* supra, held that, on the basis of reason and the prior case law, it was proper to apply Section 483 of the Restatement of Torts to this type of case: "If the defendant's negligence consists in the violation of a statute enacted to protect a class of persons from their inability to exercise self-protective care, a member of such class is not barred by his contributory negligence from recovery for bodily harm caused by the violation of such statute."

In *Corcoran v. McNeal,* 400 Pa. 14, 161 A. 2d 367 (1960) we affirmed this proposition.

Defendant attempts to distinguish *Schelin* on the ground that there plaintiff was intoxicated before arriving at defendant's bar while in this case plaintiff was sober when he arrived and became drunk on the premises. To state the distinction is to show that it is without merit. The statute enjoins defendant's conduct *when* plaintiff is visibly intoxicated regardless of *where* he may have become so intoxicated.

Defendant also urges that the statute was intended to protect only "innocent" intoxicated persons and not persons who "consciously" reduce themselves into a state of intoxication. This distinction is immaterial. The statute was intended to protect persons *when* they are visibly intoxicated regardless of *how* they got that way.

Accordingly, the trial judge was correct in not instructing the jury on contributory negligence.

Second, defendant cites *Zilka v. Sanctis Construction, Inc.*, 409 Pa. 396, 186 A. 2d 897 (1962), and similar cases, for the proposition that the accident in this case was so "freakish" that defendant's conduct was not the proximate cause of it. But *Zilka* did not involve a question of proximate cause. There it was held that defendant had *no duty* to plaintiff because it was not foreseeable that defendant's conduct would cause injury to plaintiff. Here the duty to plaintiff is clear. Indeed, it is the high probability that intoxicated persons will be injured that, in part, gave rise to the statute prohibiting defendant from serving the plaintiff when visibly intoxicated.

Third, defendant argues that its conduct was not the proximate cause of plaintiff's injury because the events intervening between the violation of the statute and the accident prevents the violation from being a legal cause. Defendant does not denote any specific event subsequent to the violation as being a superseding cause relieving defendant of liability. Rather, defendant appears to be restating its argument that the accident was too "freakish" to hold defendant liable. We have held, following Section 435 of the Restatement of Torts, that "[i]f the actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the *extent* of the harm or the *manner* in which it occurred does not prevent him from being liable." (Emphasis supplied). *Shipley v. Pittsburgh*, 321 Pa. 494, 496, 184 Atl. 671 (1936). *Roach v. Kelly*, 194 Pa. 24 (1899) is inapposite because in that case a superseding cause was found to relieve defendant of liability. The evidence in this case does not raise such a question. Even if it did the resolution of the issue would certainly not be clear from doubt and, therefore, would be left to the jury. *Anderson v. Bushong Pontiac Co., Inc.*, 404 Pa. 382, 391, 171 A. 2d 771, 775 (1961).

The most problematical assertion made by defendant is that its negligence, i.e., serving plaintiff while visibly intoxicated, was not a legal cause of the injury because it was not a substantial cause of the injury. Defendant argues that since plaintiff was already "drunk" when illegally served the illegal serving of one or two drinks could not have sufficiently contributed to the happening of the injury to make defendant liable. In its opinion, the lower court disposed of this argument on the basis of *Schelin v. Goldberg,* supra. The *Schelin* court appeared to hold that where the plaintiff was served by defendant while visibly intoxicated and subsequently was injured *as a result of intoxication* proximate cause was established. This proposition needs refining.

Causation is as much a part of negligence actions based upon statutory violations as it is of purely common law actions. *Kaplan v. Kaplan,* 404 Pa. 147, 171 A. 2d 166 (1961); *Wisniewski v. Chestnut Hill Hospital,* 403 Pa. 610, 170 A. 2d 595 (1961); *Shakley v. Lee,* 368 Pa. 476, 84 A. 2d 322 (1951). Indeed, we have recently emphasized the importance of establishing proximate cause in a negligence action based on the same statutory provision involved in the case at bar. *Smith v. Clark,* 411 Pa. 142, 190 A. 2d 441 (1963). It is well established in Pennsylvania that in order to find that defendant proximately caused an injury it must be found that his allegedly wrongful conduct was a substantial factor in bringing about plaintiff's injury even though it need not be the only factor. *Diakolios v. Sears, Roebuck & Co.,* 387 Pa. 184, 127 A. 2d 603 (1956); *Simon v. Hudson Coal Co.,* 350 Pa. 82, 38 A. 2d 259 (1944); *Krauss v. Greenbarg,* 137 F. 2d 569 (3rd Cir. 1943), cert. den. 64 S. Ct. 207, 320 U.S. 791, rehearing denied 64 S. Ct. 368, 320 U.S. 815; *Jenkins v. Nicholson,* 162 F. Supp. 167 (E.D. Pa. 1958). It is equally well established that defendant's negligent

conduct is not a substantial factor in bringing about plaintiff's injury if it would have been sustained even if the actor had not been negligent. Restatement, Torts, §432; *DeAngelis v. Burns,* 404 Pa. 230, 171 A. 2d 762 (1961) ; *Simon v. Hudson Coal Co.,* supra.

A literal reading and application of the *Schelin* proposition would result in making defendant's violation of the statute in every case such as this the proximate cause of plaintiff's injuries *as a matter of law,* and defendant would be foreclosed from showing that his violation did not contribute to the accident. This would be clearly contrary to the basis of civil liability, namely, that there be fault on the part of defendant and that the fault contribute to the plaintiff's injury. But the proposition in *Schelin* should not and need not be so interpreted. The court there was concerned with the difficulty that a plaintiff would have in proving which drink or drinks consumed by plaintiff in a number of bars contributed to the injury. Similarly, in this case, there is the problem of showing that the illegally served drinks (when plaintiff was visibly intoxicated) contributed to his injury, when, in fact, plaintiff was already "drunk" when the illegal serving took place. The *Schelin* court was aware that to place such a burden on the plaintiff would practically defeat his cause of action. But to meet this problem we need not go as far as the lower court's opinion did in its interpretation of the *Schelin* case. When plaintiff has proved that defendant served him while visibly intoxicated, in violation of the statute, and that the injury resulted from intoxication then an inference *may be* drawn that the illegal serving was a substantial cause of the injury. But this does not foreclose defendant from proving that the plaintiff was so intoxicated when defendant illegally served him that the accident would have occurred even if defendant had not ille-

gally served him. This rule is not novel. It "is only an application of the general principle that the fact that some other cause concurs with the negligence of the defendant in producing an injury does not relieve the defendant from liability unless he can show that such other cause would have produced the injury independently of his negligence," *Carlson v. A. & P. Corrugated Box Corporation*, 364 Pa. 216, 223, 72 A. 2d 290, 293 (1950). See *Yenchko v. Grontkowski*, 385 Pa. 272, 122 A. 2d 705 (1956).

However, defendant is not entitled to a new trial because, notwithstanding the lower court's opinion, in the actual trial of the case the lower court did not foreclose defendant from showing that its illegal conduct was not a legal cause of the injury. Defendant did request a specific charge on the substantial cause issue which was refused. But it was properly refused because, in effect, it would have *directed the jury* to find that defendant's violation *was not a substantial cause* if the jury merely found that plaintiff was already very intoxicated when illegally served. While the jury might have been warranted in finding that plaintiff was already so inebriated when illegally served that the injury would have occurred independently of the illegal serving, the evidence in this case would not have warranted withdrawing this issue from the jury. Moreover, notwithstanding the lower court's view of the *Schelin* case, the judge, in fact, charged the jury that in order to find defendant liable it must find that its conduct was a proximate cause of the injury and proximate cause was adequately defined. Even though the evidence in this case might have warranted a charge on proximate cause which specifically included the defensive theory discussed above, the failure to specifically charge the jury on such a theory does not warrant a new trial in view of the fact that defendant neither tried its case on this theory nor re-

274

quested a charge on it that would have been correct and that the trial court did adequately charge on the general requirement of finding proximate cause.

We have painstakingly reviewed the record and find no error in the lower court's overruling of defendant's motions for judgment n.o.v. or new trial. Accordingly, the judgment is affirmed.

Mr. Chief Justice BELL and Mr. Justice JONES dissent.