## Francis, Sr. v. Saxon

*Andrew Schifino* and *Frank Lewis*, for plaintiffs.

*Lee Whitmire, Jr., Harold Reed, Jr.* and *Robert Grigsby*, for defendants.

KLEIN, J., December 21, 1972.—We have before us for determination motions for summary judgment under Pennsylvania Rule of Civil Procedure 1035 filed on behalf of the original defendant and each of the additional defendants.

This is a trespass action alleging malpractice on the part of three physicians and a hospital. The matter involves the death of a five-month old infant from acute fulminating meningococcemia, also known as Waterhouse-Friderichsen syndrome. The gravamen of the alleged negligence is the misdiagnosis of the child's condition at about 6:30 p.m. on March 30, 1970, and subsequent lack of appropriate treatment. The infant died approximately 10 hours later.

Pennsylvania Rule of Civil Procedure 1035 provides as follows:

"(a) After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings, depositions, an-

swers to interrogatories, admissions on file and supporting affidavits, if any.

"(b) The adverse party, prior to the day of hearing, may serve opposing affidavits. The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issues of liability alone although there is a genuine issue as to the amount of damages.

" . . .

"(d) Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

"(e) Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for

judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

Defendant physicians have filed affidavits to the effect that the aforesaid meningococcemia is a fatal disease mechanism, the nature of which and the course of which was such that there was no treatment, medical or otherwise, that could have avoided the death of the child. Plaintiffs have filed no affidavit to the contrary.

On the present state of the record and considering the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits, there is no genuine factual issue. We could enter judgment in favor of defendants but will not, at this time, for reasons hereinafter stated.

Plaintiffs view the problem as merely involving the disclosure of the identity of their expert witness(es) which they contend is not required at this time. We agree that the identity and whereabouts of such expert witness(es) need not be disclosed until the case is listed for trial. Such disclosure would be required no later than the last date for filing a pre-trial statement after the case is certified as ready for trial. See Dornan v. Johnston, 27 D. & C. 2d 347 (1962).

However, we view the present issue as a question as to whether plaintiffs are required to file an opposing affidavit which would contradict the nature of the illness and the inevitability of death in these circumstances. We conclude that such an affidavit is required and will order a continuance to permit such an affidavit to be obtained. We hold as we do because, lacking such an assertion to the contrary, any negligence on the part of any or all of the defen-

dants would amount to "mere negligence" as distinguished from "actionable negligence." As set forth in 27 P.L. Encyc. Negligence §72:

"Negligence is not a ground of recovery unless it was a substantial causative factor of the accident complained of. Although a defendant has acted without, or omitted to act with, reasonable care, and has, therefore, been negligent in the performance or omission of some duty to the person injured or damaged, no liability attaches unless such negligence was the legal or proximate cause of the injury or damage sustained. In other words, there is a distinction between mere negligence and actionable negligence, in that negligence which does not contribute to the damage sustained is merely 'negligence,' but not 'actionable negligence.' "

It is clear that the damages claimed in this action resulted from the disease and the ensuing death caused thereby.

In a case which originated in Beaver County, Majors v. Brodhead Hotel, 416 Pa. 265 (1965), the court held that:

"It is well established in Pennsylvania that in order to find that defendant proximately caused an injury it must be found that his allegedly wrongful conduct was a substantial factor in bringing about plaintiff's injury even though it need not be the only factor [citations omitted]. It is equally well established that defendant's negligent conduct is not a substantial factor in bringing about plaintiff's injury if it would have been sustained even if the actor had not been negligent. Restatement, Torts §432; [other citations omitted]."

See also Dornon v. Johnston, 421 Pa. 58 (1966).

## ORDER

And now, December 21, 1972, it is ordered that:

1. Final disposition of the herein motions for summary judgment is temporarily continued pending further developments consistent with the foregoing opinion; and

2. Plaintiffs file an affidavit by a competent affiant to the effect indicated in the foregoing opinion within 30 days from the date hereof; otherwise said motions may be thereupon granted; and

3. This case be listed for trial during the term commencing March 12, 1973; and that a pretrial conference be hereby scheduled for February 28, 1973, both conditioned upon a genuine factual issue being apparent from the record at that time.