## Neal v. Sunset Grove Inc.

*Henry A. Wallace,* for plaintiff.
*B. Albert Bertocchi,* for defendant.

HOUSE, *P.J.,* March 28, 1988 — This matter is before the court on preliminary objections filed by plaintiffs to defendant's new matter.

## FACTS

Plaintiffs commenced this action by filing a complaint. They allege in the complaint that an employee of defendant served alcoholic beverages to the male plaintiff while visibly intoxicated and that, thus, defendant was in violation of the Liquor Code, 47 P.S. §4-493(1) which prohibits any liquor licensee or his employees from serving alcohol to a visibly intoxicated person. Plaintiffs further allege that the male plaintiff was involved in a serious accident as a result of his intoxication. Thereafter, defendant filed answer and new matter in which it raised the defenses of contributory negligence and assumption of the risk. In response to defendant's pleading, plaintiffs filed the instant preliminary objections which are in the nature of a demurrer to defendant's new matter.

Briefs have been submitted by both parties and the matter is now ready for disposition.

## ISSUES

(1) Whether defendant, a liquor licensee, may properly raise the defense of contributory negligence in an action against it for an alleged violation of the Liquor Code.

(2) Whether defendant, a liquor licensee, may

properly raise the defense of assumption of the risk in an action against it for alleged violation of the Liquor Code.

## DISCUSSION

Plaintiffs contend that the defense of contributory negligence is not an available defense in an action against a liquor licensee for an alleged violation of section 4-493(1) of the Liquor Code, 47 P.S. §4-493(1); which section prohibits a liquor licensee from serving alcoholic beverages to a visibly intoxicated person. Plaintiffs argue that, therefore, defendant is precluded from asserting the defense of contributory negligence in the instant action.

In order to sustain plaintiff's demurrer, it would be necessary to make a clear finding that defendant's new matter, on its face, fails to set forth a valid defense. *Cianfrani v. Commonwealth State Employee's Retirement Board*, 505 Pa. 294, 479 A.2d 468 (1984). If any doubt exists, the demurrer must be overruled. *Gerkas v. Shapp et al.*, 469 Pa. 1, 364 A.2d 691 (1976).

Defendant, in its brief in opposition to preliminary objections, concedes that the defense of contributory negligence is not an available defense in an action such as the instant one. Indeed, the courts of this commonwealth have held that a plaintiff is not barred by his/her contributory negligence from recovery for injuries sustained where a liquor licensee's negligence consists of a violation of section 4-493(1) of the Liquor Code. See *Majors v. Brodhead Hotel*, 416 Pa. 265, 205 A.2d 873 (1965); *Schelin v. Goldberg*, 188 Pa. Super. 341, 146 A.2d 648 (1958).

Therefore, in view of the above, plaintiff's preliminary objections in the nature of a demurrer must be

sustained and defendant's new matter which asserts the defense of contributory negligence dismissed.

## II

Plaintiff also argues that the defense of assumption of the risk is not an available defense in an action seeking recovery for injuries sustained as a result of an alleged violation of section 4-493(1) of the Liquor Code, 47 P.S. §4-493(1).

As defendant notes in its brief, the courts of this commonwealth have not specifically addressed the issue of whether assumption of the risk is an available defense in an action for violation of section 4-493(1), although our courts have held that contributory negligence is no defense in an action similar to the one at bar.

Defendant would have us find that the statute, 47 P.S. §4-493, was not intended to protect those persons who become voluntarily intoxicated by relieving them from any responsibility for their actions. However, after reviewing those cases in which our appellate courts have discussed and interpreted said statute, it does appear that the statute was intended, at least in part, to protect that exact class or person.

In *Schelin v. Goldberg, supra,* the Pennsylvania Superior Court found that section 4-493 was enacted not only to protect society generally, but also "to protect specifically intoxicated persons from their inability to exercise self-protective care." The Supreme Court of Pennsylvania, in *Commonwealth v. Koczwara,* 397 Pa. 575, 155 A.2d 825 (1959), concluded that, in enacting the Liquor Code, legislative intent was to place a very high degree of legal responsibility upon a liquor licensee in order to

assure that neither he nor any of his employees violated the express prohibitions of the code. Accordingly, in cases similar to the case at bar, it has been held that a violation of section 4-493(1) is "negligence per se and that if the violation was the proximate cause of the plaintiff's injury, the defendant is liable for it." *Connelly v. Ziegler,* 251 Pa. Super. 521, 380 A.2d 902 (1977), quoting *Majors, supra.*

Moreover, the Restatement (Second) of Torts, §496F provides as follows:

"Plaintiff's assumption of risk bars his recovery for the defendant's violation of a statute, unless such a result would defeat a policy of the statute to place the entire responsibility for such harm as has occurred upon the defendant."

It is noted in the comment following this section that the rule stated therein is analogous to that stated in section 483 relating to the defense of contributory negligence. The principles set forth in section 483 of the Restatement have been applied in several Pennsylvania cases similar to the instant action. See e.g., *Corcoran v. McNeal,* 400 Pa. 14, 161 A.2d 367 (1960); *Schelin, supra,* and cases cited therein.

As for defendant's contention that the laws of this commonwealth do not and should not protect a person who voluntarily becomes intoxicated, we note that the court in *Majors, supra,* specifically held that the statue, 47 P.S. §4-493(1), "was intended to protect persons *when* they are visibly intoxicated regardless of *how* they got that way." (emphasis in original)

The rationale applied in the above-mentioned cases appears to be equally applicable to the issue presented here. Accordingly, plaintiffs' recovery in this action would not be barred by the defense of

assumption of the risk and, so, plaintiffs' preliminary objections must be sustained and defendant's new matter dismissed.

## ORDER OF COURT

And now, March 28, 1988, after consideration of the preliminary objections filed by plaintiffs in the above-captioned matters, the briefs of the parties pursuant thereto, and the record in this matter, and for reasons contained in the annexed opinion, it is hereby ordered, adjudged and decreed that plaintiffs' preliminary objections be and are hereby sustained and defendant's new matter raising unavailable defenses is dismissed.