## Barrie v. Pennsylvania Liquor Control Board

*Mark J. Homyak,* for plaintiff, Rebecca Barrie.
*Eugene G. Berry, deputy attorney general,* for Pa. Liquor Control Board.
*John K. Heisey,* for defendant, Rebecca Barrie.
*Michael J. Kearney Jr.,* for Richard Barrie.
*Warren Ferry,* for Kenneth Krisovenski.
*Timothy J. Burdette,* for Mary Beth Dawson.

ZELEZNIK, *J.,* March 13, 1990 — This case was argued on plaintiff's motion for post-trial relief after the court molded answers to written interrogatories by the jury into a verdict in favor of all defendants. Plaintiff requests a judgment n.o.v. and new trial limited to damages or alternatively, a new trial.

Rebecca Barrie, in her capacity as administratrix of the estate of her son, Bryan Barrie, deceased, filed this wrongful death and survival action, against the Pennsylvania Liquor Control Board and its employee Dennis Hoag for negligence in selling alcohol to a minor, and also against William D. Green for negligence in purchasing and furnishing alcohol to a minor, which resulted in his drowning. The LCB joined the plaintiff/administratrix and her ex-husband, Richard Barrie, on the theory of negligent parental supervision, and Kenneth Krisovenski for his negligence in encouraging and participating in

the "drinking party" which preceded Bryan Barrie's death. Subsequently, Kenneth Krisovenski joined Mary Beth Dawson for her participation[1] as the third member of this drinking party.

The evidence revealed that plaintiff's decedent, at the time 16 years old, and Kenneth Krisovenski, also age 16, each contributed $10 to purchase a half-gallon of vodka and a fifth of gin. They approached defendant William D. Green, then age 20, who entered the liquor store and made the purchase.[2] After the alcohol was purchased William Green gave possession to plaintiff's decedent who then made arrangements to meet with Kenneth Krisovenski and Mary Beth Dawson at a designated drinking site. This site was located on a hill next to a railroad track and in close proximity to the Chartiers Creek. The three minors began drinking around eight o'clock on the evening of November 15, 1985 and ultimately consumed the entire half gallon of vodka with Bryan Barrie and Kenneth Krisovenski alternating shots, while Mary Beth Dawson drank screwdrivers. Mary Beth Dawson testified that before she left the site Kenneth Krisovenski had passed out and that she had called out to Bryan Barrie, who was out of her view but still in the vicinity, to help her take him home to which he responded: "I can't." She further testified that she had returned home that night around 11 o'clock. Kenneth Krisovenski testified that after awakening he staggered home around 2:30 the next morning. Bryan Barrie never returned home. Approximately three weeks later his body was

---

1. Ms. Dawson purchased some orange juice to use as a mixer and also provided the shot glass used to apportion the alcoholic beverages.

2. A dispute arose in the evidence as to whether Green or some adult intermediary actually made the purchase. However, this issue was decided against the LCB by the jury.

found in the Chartiers Creek downstream from the site of the drinking party.

At the close of all the evidence a directed verdict was entered in favor of additional defendant Rebecca Barrie as a parent. Next, the jury returned answers to written interrogatories finding that: (1) the LCB and Dennis Hoag did sell alcoholic beverages to William Green under circumstances by which Hoag knew or should have known the alcohol would be given to minors and that such sale was a substantial factor in bringing about the death of Bryan Barrie; (2) that the additional defendant and father of the decedent, Richard Barrie, was not negligent; (3) that the conduct of William Green in purchasing and furnishing alcohol to minors was negligent, and was a substantial factor in bringing harm to the decedent; (4) that the conduct of additional defendants Krisovenski and Dawson was negligent, but was not a substantial factor; and (5) that the conduct of plaintiff's decedent in purchasing and consuming alcohol while underage was negligent, and was a substantial factor in bringing about his own death. The jury apportioned liability and attributed 10 percent causal negligence to the LCB, 20 percent to defendant William Green and 70 percent to plaintiff's decedent. The court molded these answers into a verdict in favor of all defendants.

Plaintiff now contends that the court erred: in charging the jury on the minor decedent's contributory negligence; in allowing evidence of the minor decedent's prior drinking episodes to be introduced; and, in permitting evidence to be introduced that William Green appeared to be of legal age when he purchased the alcoholic beverage for plaintiff's minor decedent.

Plaintiff argues that minor decedent's contributory or comparative negligence is irrelevant when a

defendant licensee has violated section 4-493(1) of the Liquor Code, first raising that issue by a motion in limine, to prevent the LCB from using contributory negligence as a defense. Plaintiff argued that section 4-493(1) created a special class of minors in need of protection from the effects of alcohol, and that by applying section 483 of the Restatement (Second) of Torts a minor cannot as a matter of law be contributorily negligent by violating a statute enacted for the minor's benefit. This motion was denied and at the conclusion of the evidence a charge on comparative negligence was given to which plaintiff's counsel timely objected.

Section 4-493(1) provides in pertinent part that it shall be unlawful:

"For any licensee or the board, or any employee, servant or agent of such licensee or of the board, or any other person, to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given, to any person visibly intoxicated, or to any insane person, or to any minor, or to habitual drunkards, or persons of known intemperate habits." 47 P.S. §4-493(1).

The applicable Restatement section is as follows:

"§483. *Defense to Violation of Statute* —

"The plaintiff's contributory negligence bars his recovery for the negligence of the defendant consisting of the violation of a statute, unless the effect of the statute is to place the entire responsibility for such harm as has occurred upon the defendant." Restatement (Second) of Torts §483.

In support of her argument plaintiff relies primarily upon the case of *Majors v. Brodhead Hotel*, 416 Pa. 265, 205 A.2d 873 (1965). In *Majors*, the jury found that the defendant licensee served alcohol to plaintiff while visibly intoxicated in violation of

§4-493(1) and that plaintiff's intoxication resulted in his injuries. The Pennsylvania Supreme Court, adopting the Superior Court's reasoning in *Schelin v. Goldberg,* 188 Pa. Super. 341, 146 A.2d 648 (1958), held that the trial court was correct in refusing to instruct the jury on contributory negligence, and also determined that section 483 of the Restatement (Second) of Torts was applicable to a violation of section 4-493(1) thereby preventing plaintiff's contributory negligence from barring recovery. Plaintiff now argues that *Majors* and *Schelin* control this case and plaintiff's contributory negligence should not have been presented to the jury.

The LCB argues in opposition that plaintiff's reliance on *Majors* and *Schelin* is misplaced in that those cases were decided prior to the enactment of the Comparative Negligence Act. The LCB further argues that application of section 483 was necessary when the law was such that even slight contributory negligence on the part of a minor plaintiff would be a complete bar to recovery, but that today, with the advent of comparative negligence, the harshness of the prior rule is alleviated and the need to apply section 483 removed.

Rather, the LCB suggests that *Congini v. Portersville Valve Co.,* 504 Pa. 157, 470 A.2d 515 (1983) and *Thomas v. Duquesne Light Co.,* 376 Pa. Super. 1, 545 A.2d 289 (1988), both decided after enactment of the Comparative Negligence Act, should control.

We agree. In *Congini,* the Supreme Court held that a social host was negligent per se in serving alcohol to a minor, but also held that a host could assert as a defense the minor's contributory negligence. Plaintiff attempts to distinguish *Congini* on the basis that the cause of action was not grounded upon a violation of the Liquor Code. We are not persuaded that such distinction requires a different

result. In *Congini* rather than adopting the Liquor Code (which was clearly inapplicable to the parties there involved) the Supreme Court applied the Crimes Code as setting the standard of conduct to be measured. Justice McDermott writing for the court stated:

"[O]ur legislature has made a legislative judgment that persons under 21 years of age are incompetent to handle alcohol. Under section 6308 of the Crimes Code, 18 Pa.C.S. §6308, a person 'less than 21 years of age' commits a summary offense if he 'attempts to purchase, purchases, consumes, possesses or transports any alcohol, liquor or malt or brewed beverages.' Furthermore, under section 306 of the Crimes Code, 18 Pa.C.S. §306, an adult who furnishes liquor to a minor would be liable as an accomplice to the same extent as the offending minor." *Congini* at 161, 470 A.2d at 517. (footnote omitted)

We are not persuaded that a minor plaintiff served in violation of the Liquor Code by a licensee should be excused from all responsibility for his own per se negligence when a minor plaintiff served by a social host in violation of the Crimes Code would be fully accountable for his per se negligence, based only on a fortuitous circumstance that the provider was licensed as opposed to non-licensed. Additionally, in *Thomas* a minor was injured after becoming intoxicated and falling from an electrical transmission tower. In an action brought by the minor's parents a default judgment was entered against the adult who purchased the beer for the minor and a compulsory non-suit was entered in favor of the beer distributor. The jury found that the causal negligence of the minor plaintiff was greater than 50 percent and verdicts in favor of the remaining defendants were entered. On appeal the Superior Court reversed, holding that the issue of whether or not liability

could be imposed upon a licensee who sells alcohol to an adult under circumstances in which the licensee knew or should have known that the adult was purchasing the alcohol for use by minors presented an issue of fact which should have been submitted to the jury. The court further stated that:

"Upon retrial, the jury should be required to determine the causal negligence, if any, of all defendants, *as well as that of the minor plaintiff,* and then apportion the same among the parties. *This will now include the negligence, if any, of the beer distributor.* . . . Recovery by the plaintiffs against all defendants will be precluded only if the minor plaintiff's negligence exceeds the combined negligence of all defendants." *Thomas,. supra.* (emphasis supplied)

Hence, the *Thomas* case is in accord with the decisions in *Congini* and more recently *Matthews v. Konieczny,* 515 Pa. 106, 527 A.2d 508 (1987) that a minor's comparative negligence is for the jury.

In *Matthews* section 4-493(1) was directly implicated and yet the Pennsylvania Supreme Court, in concluding that commercial licensees could be held liable to third persons for injuries proximately caused by their service of alcohol to minors, stated:

"We emphasize, however, that such liability is not absolute and/or irrebuttable; and, as we explained in *Congini,* the defendants in a suit such as this can, where applicable, attempt to establish the comparative negligence of the actor(s) involved." *Id.*

The same distinction now advanced by plaintiff was attempted by the appellees in *Matthews* and rejected. On this subject Justice McDermott opined:

"[T]he fact that *Congini* involved a non-licensee while the present cases involve licensees is of little consequence. The *Congini* decision was grounded upon the per se negligence involved in an adult dispensing alcohol to a minor in violation of the

Crimes Code. Since the code's provisions apply with equal force to licensees, the rationale of *Congini* is equally applicable here." *Id.*

If the Comparative Negligence Act is to have no effect on the application of section 483 of the Restatement (Second) of Torts to a violation of section 4-493(1) of the Liquor Code as argued by plaintiff, then the same rationale for precluding contributory negligence as a defense as was espoused in *Majors* and *Schelin* should have been equally applicable in *Congini* and *Matthews,* and yet the Supreme Court did not follow such rationale. The clear implication, while not specifically addressed in either *Congini* or *Matthews,* is that the enactment of the Comparative Negligence Act compelled a different result. The prior decisions barring contributory negligence as a defense were based primarily, if not solely, on the argument that permitting such a defense would absolutely bar the action thereby making the duty imposed by such statutes illusory, rather than on any belief that such statutes were intended to create absolute liability. That argument has less persuasive force after the adoption of comparative negligence.

Plaintiff next contends that the trial court erred in admitting testimony that plaintiff's minor decedent consumed alcohol on other occasions prior to the night of his accident and that such evidence was irrelevant to any issue at trial, only tended to blacken the character of plaintiff's minor decedent, and was prejudicial. This contention is likewise without merit. In general, evidence is admissible if it is competent for any purpose, and the evidence may be considered for any purpose for which it is competent. *Morse Boulger Destruction Co. v. Arnoni,* 376 Pa. 57, 101 A.2d 705 (1954). Hence, it is the purpose for which the evidence was admitted that

must be evaluated. *Berman v. Radnor Rolls Inc.*, 374 Pa. Super. 118, 146, 542 A.2d 525, 538 (1988).

Evidence of the minor decedent's prior drinking was relevant to the issue of negligence claims made against his parents concerning prior knowledge of their son's drinking and it was for this purpose alone that it was admitted. Evidence which is admissible for one purpose is not rendered inadmissible because it would be inadmissible for another purpose. *Bialek v. Pittsburgh Brewing Co.*, 430 Pa. 176, 242 A.2d 231 (1968). Plaintiff further argues that even if this evidence was admissible to show a lack of due care as to the parents, it was error to have failed to clarify the purpose for its entry by use of a limiting instruction. In cases of limited admissibility the court, *upon request,* will restrict the evidence to its proper scope and instruct the jury accordingly. See generally, Weinstein & Berger, Weinstein's Evidence, paragraph 105 [1]-[05]; Graham, Handbook of Federal Evidence, §105; Fisanick, Pa. Evidence, §8-2, 8-2A. There having been no request to restrict the purpose for which it was received, the issue was waived. See e.g., *Fischer v. Anderson,* 173 Pa. Super. 175, 96 A.2d 168 (1953); *Commonwealth v. Johnson,* 457 Pa. 554, 327 A.2d 632 (1974).

Finally, plaintiff contends that it was error to allow the LCB to defend on the basis that defendant William Green appeared to be of legal drinking age. Plaintiff argues that the only excuse for a violation of section 4-493(1) is compliance with 47 P.S. §4-495 which requires licensees to obtain an identification card and a signed confirmation that the customer is at least 21 years old. However, the cases plaintiff cites in support of this proposition have no precedential value in the context of a tort action for money damages. The cases plaintiff relies on are all concerned with appeals of fines, suspensions or revo-

cations imposed by the LCB and as to these type of actions mistake of age by appearance is not a defense. Plaintiff has not cited nor has this court located any cases which have adopted section 4-495 as the conduct which would be expected of a reasonably prudent person for establishing the presence or lack of due care in negligence cases. We believe that whether or not William Green appeared to be over 21 was a relevant consideration for the jury bearing upon the reasonableness of defendant Dennis Hoag's conduct and was therefore properly admitted.

But in any event, in this case, the jury found that the LCB manager knew or should have known that the alcoholic beverages purchased by William D. Green would be made available to minors and found both the LCB and William D. Green causally negligent.

Post-trial relief will be denied.

### ORDER

And now, this March 13, 1990, the motion for post-trial relief by plaintiff, Rebecca J. Barrie, administratrix of the estate of Bryan N. Barrie, deceased, be and the same is hereby dismissed and judgment may be entered on the verdict.