J-A34033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DEREK BADE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ROBERTO PICONE I/T/A LA DOLCE CASA T/A DIMAGGIO'S; CESARE PICONE I/T/A LA DOLCE CASA T/A DIMAGGIO'S; MATTHEW W. JONES I/T/A LA DOLCE CASA T/A DIMAGGIO'S; ALFONSO PICONE I/T/A LA DOLCE CASA T/A DIMAGGIO'S; SALVATORE PICONE I/T/A LA DOLCE CASA T/A DIMAGGIO'S; MARIA PICONE I/T/A LA DOLCE CASA T/A DIMAGGIO'S; JOSEPHINE PICONE I/T/A LA DOLCE CASA T/A DIMAGGIO'S; ELEONORA PICONE I/T/A LA DOLCE CASA T/A DIMAGGIO'S; JOSH MOYER; ALFONSO DIFIORE (D/B: 6/21/87) A/K/A LITTLE ALFIE; ALFONSO DIFIORE (D/B 7/23/66); PATRICIA DIFIORE; AND DIMAGGIO'S PIZZA, INC. C/O CESARE PICONE, PRESIDENT V. CHANITA GUERRERO --------------------------------------------------------- DEREK BADE APPELLANT V. CHANITA GUERRERO | |
| Appellee | No. 511 MDA 2015 |

Appeal from the Order Entered February 24, 2015
In the Court of Common Pleas of Schuylkill County
Civil Division at No(s): S-129-2010
S-3277-2009

BEFORE: PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.: **FILED JANUARY 05, 2016**

Appellant Derek Bade appeals from the order entered in the Schuylkill County Court of Common Pleas, which granted summary judgment in favor of Appellees,[1] dismissed Appellant's claims against Appellees, granted Appellees' motion to preclude testimony of Appellant's proposed expert, and denied and dismissed Appellant's motion for partial summary judgment. We affirm.

The trial court set forth the relevant facts and procedural history of this appeal as follows:

> Motions for summary [j]udgment have been filed by the following Defendants: Eleonora Picone; Roberto and Giusi Picone; Alfonso DiFiore, Little Alfie (hereinafter "Little Alfie"); Alfonso DiFiore and Patricia DiFiore; Salvatore Picone; Alfonso Picone; Cesare and Maria Picone; Josh Moyer (hereinafter "Moyer") and Matthew W. Jones (hereinafter "Jones"). All Defendants, with the exception of [] Moyer, Little Alfie and Additional Defendant Chanita Guerrero (hereinafter "Guerrero"), are listed in the caption of this case as having a connection to La Dolce Casa, the restaurant which is the central establishment involved in this litigation. They are listed as i/t/a La Dolce Casa t/a DiMaggio's, and there is a listed Defendant of DiMaggio's Pizza, Inc. c/o Cesare Picone, President.

---

[1] Appellees include: Roberto Picone, individually and trading as ("i/t/a") La Doce Casa t/a DiMaggio's; Cesare Picone i/t/a La Doce Casa t/a DiMaggio's; Matthew W. Jones i/t/a La Doce Casa t/a DiMaggio's; Alfonso Picone i/t/a La Doce Casa t/a DiMaggio's; Salvatore Picone i/t/a La Doce Casa t/a DiMaggio's; Maria Picone i/t/a La Doce Casa t/a DiMaggio's; Josephine Picone i/t/a La Doce Casa t/a DiMaggio's; Eleonara Picone i/t/a La Doce Casa t/a DiMaggio's; Josh Moyer; Alfonso DiFiore (d.o.b. 6/21/87) a/k/a Little Alfie; Alfonso DiFiore (d.o.b. 7/23/66); Patricia DiFiore; and DiMaggio's Pizza, Inc. c/o Cesare Picone, President. The only remaining defendant in this action, Chanita Guerrero ("Guerrero"), the driver of the vehicle that injured Appellant, is not an appellee.

[]
There has also been filed by Defendants a Motion to Preclude Testimony and opinions of [Appellant's] Proposed Expert Report of Elizabeth A. Trendowski.
[]
There has been filed by [Appellant], a Motion to Preclude Any Reference, Testimony, Evidence, or Argument as to Chanita Guerrero's Allegedly Acquiring and/or Taking Xanax or Its Generic Formulation. Briefs have been filed in support of all the motions, and responses to and briefs in opposition to the motions, where applicable, have also been filed.[2]

This case involves [Appellant's] allegations that he was injured when struck by an automobile driven by Chanita Guerrero.[3] [Appellant] alleges Guerrero consumed alcohol at an "after hours" drinking party or similar activity at La Dolce Casa located at 16 W. Broad Street, Tamaqua, PA, (where she had been employed) and was furnished alcohol by social hosts at a private party at 403 Gay Street in Tamaqua. Guerrero testified by deposition that she did not drink any alcohol when she was at work at La Dolce Casa or after hours on the premises of La Dolce Casa on January 21, 2008.
[]
There is no evidence, testimonial or otherwise, that she drank alcohol while at work or after hours on the premises of La Dolce Casa. The evidence does establish that she left La Dolce Casa, went home, changed her clothes, and went to meet her friend, Elizabeth Comensky (hereinafter "Comensky"), but did not go into Comensky's residence. There is no evidence of record, testimonial or otherwise, that she drank any alcohol during this period of time. She and Comensky left that place and went to a fast food establishment where Guerrero had a non-alcoholic drink.

---

[2] On January 16, 2015, the trial court conducted oral argument on all eleven motions.

[3] On November 17, 2009, [Appellant] commenced this action by filing a writ of summons against Guerrero. On January 19, 2010, [Appellant] filed a writ of summons against Appellees.

There is no evidence from any witness or any other source that she drank alcohol during this period of time. The two then went to a friend's house. The friend's name was Nikki. There is evidence of record that, while together, Comensky and Guerrero smoked marijuana and each took a Xanax pill they received from Nikki. They smoked the marijuana in Guerrero's car. Guerrero then drove Comensky from Nikki's back to Comensky's home and then went to 403 Gay Street in Tamaqua. Present at 403 Gay Street were the occupants, Little Alfie and [] Moyer.
[]
There is evidence that Guerrero drank some vodka at Gay Street that came from a bottle of "Absolut vodka" which was in a gift basket in the house. There is evidence that the gift basket had been given to the parents of little Alfie, Pietro and Fifita Difiore, at some time.[4] These DiFiore's are not named as defendants in this suit. Little Alfie lived at 403 Gay Street and paid rent to the owners of that premises who were his aunt and uncle. There is no evidence that the aunt and uncle were social hosts of the residence at the time Guerrero drank the vodka. There is evidence that the vodka was given to Guerrero by Little Alfie. She testified that he made the drink from the bottle of vodka and gave it to her. She testified that [] Moyer did not give her anything to drink at 403 Gay Street. It is undisputed that Little Alfie was a juvenile at the time and so was Guerrero. There is no evidence that Little Alfie was a licensee of La Dolce Casa, or that he served Guerrero alcohol at La Dolce Casa. Little Alfie testified that both Guerrero and Moyer made their own drinks and drank them. The drinks were made with vodka that came from the clear bottle of "Absolut[."] Moyer testified that he did not see any vodka at the premises of 403 Gay Street. The source of the vodka was described as a clear bottle of vodka with the name "Absolut" on it in blue letters. There is no evidence, direct or circumstantial, that this bottle of vodka came from, or was connected to, La Dolce Casa.
[]

---

[4] There is also some evidence that the vodka did not come from a gift basket.

[Appellant] has pointed to the fact that a bottle of vodka was purchased by this restaurant in December 2007 [from a liquor store]. There was testimony that this bottle of vodka was a disco styled bottle of vodka sold by the restaurant to one Samuel Brog who kept it at his house. [Appellant] also points to evidence that the disco style bottle of vodka was shown not to be available in Pennsylvania until October 2008, after the accident in this case. Most of the Defendants contest that the evidence does establish this point.
[]
[Appellant] further points to the expert report of Elizabeth A. Trendowski where she opines that, based on the foregoing, the vodka purchased by La Dolce Casa in 2007 probably was or might have been the same bottle from which Guerrero drank at Gay Street. Jones, an employee at La Dolce Casa, testified that he did not work there on January 21, 2008, that he was not at any after-hours drinking party there, and that he has no connection with the restaurant in this case other than being an employee. There is no testimony or other evidence linking him with supplying any alcohol to Guerrero.

Trial Court Opinion, filed February 2, 2015, at 2-6.

On February 2, 2015, the trial court granted Appellees' 9 motions for summary judgment and their motion to exclude the expert testimony of Trendowski. The court denied Appellant's motion to preclude evidence of Guerrera consuming Xanax. On February 24, 2015, the court issued an express determination of finality pursuant to Pa.R.A.P. 341(c), which made final its order docketed February 2, 2015. On March 17, 2015, Appellant appealed.

The court did not order, and Appellant did not file, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On March

20, 2015, the trial court adopted its written opinion of February 2, 2015 as its Pa.R.A.P. 1925(a) opinion.

Appellant raises the following issues for our review:

> 1. DID THE TRIAL COURT ERR AS A MATTER OF LAW AND/OR ABUSE ITS DISCRETION BY GRANTING EACH OF NINE (9) MOTIONS FOR SUMMARY JUDGMENT IN FAVOR OF APPELLEES AND AGAINST APPELLANT?
>
> 2. DID THE TRIAL COURT ERR AS A MATTER OF LAW AND/OR ABUSE ITS DISCRETION BY GRANTING A MOTION *IN LIMINE* TO PRECLUDE EXPERT TESTIMONY AND THE REPORTS OF [APPELLANT'S] DRAM SHOP/LIQUOR LIABILITY EXPERT, ELIZABETH A. TRENDOWSKI?
>
> 3. DID THE TRIAL COURT ERR AS A MATTER OF LAW AND/OR ABUSE ITS DISCRETION BY DENYING [APPELLANT'S] OWN MOTION FOR PARTIAL SUMMARY JUDGMENT TO PRECLUDE THE DEFENSE OF EVIDENCE OF XANAX® USAGE BY DEFENDANT [] GUERRERO?

Appellant's Brief at 8.

In his first issue, Appellant argues the court erred by granting summary judgment in favor of Appellees because Appellant has presented issues of material fact that should go to a jury, specifically where Guerrero got her alcohol before she became intoxicated and crashed into and injured Appellant and whether Moyer put his hand on Guerrero's thigh while Guerrero was operating her vehicle immediately before the accident. Appellant claims the trial court improperly weighed the evidence and chose to believe Little Alfie's testimony over the testimony of his father that the bottle of Absolut vodka that intoxicated Guerrero came from a gift basket. He avers the trial court erred by failing to cite relevant law in making its

determination and that the court violated the **Nanty-Glo**[5] rule. He claims

he has established a *prima facie* case for Dram Shop Act liability, negligence,

negligence *per se*, premises liability and motor vehicle liability causes of

action. We disagree.

Our standard of review of an order granting or denying a summary

judgment motion is well established:

> We view the record in the light most favorable to the
> nonmoving party, and all doubts as to the existence of a
> genuine issue of material fact must be resolved against the
> moving party. Only where there is no genuine issue as to
> any material fact and it is clear that the moving party is
> entitled to a judgment as a matter of law will summary
> judgment be entered. Our scope of review of a trial
> court's order granting or denying summary judgment is
> plenary, and our standard of review is clear: the trial
> court's order will be reversed only where it is established
> that the court committed an error of law or abused its
> discretion.

**Kozel v. Kozel**, 97 A.3d 767, 772 (Pa.Super.2014) (quoting **Daley v. A.W.**

**Chesterton, Inc.**, 37 A.3d 1175, 1179 (Pa.2012)).

The relevant rule regarding summary judgment provides:

> **Rule 1035.2. Motion**
>
> After the relevant pleadings are closed, but within such
> time as not to unreasonably delay trial, any party may
> move for summary judgment in whole or in part as a
> matter of law

---

[5] **Borough of Nanty–Glo v. Am. Sur. Co. of New York**, 163 A. 523 (Pa.1932) (oral testimony alone, of the moving party or his witnesses, *i.e.,* affidavits or depositions, even if uncontradicted, is generally insufficient to establish the absence of a genuine issue of material fact).

> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
>
> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. No. 1035.2.

Further, we observe:

> The record for purposes of deciding a motion for summary judgment includes the pleadings, depositions, answers to interrogatories, admissions, and affidavits, Pa.R.C.P. 1035.1(1), (2), but oral testimony alone, of the moving party or his witnesses, *i.e.,* affidavits or depositions, even if uncontradicted, is generally insufficient to establish the absence of a genuine issue of material fact, ***see*** [***Karoly v. Mancuso****,* 65 A.3d 301, 308–09 (Pa.2013)], 1035.2 note (citing ***Penn Center House, Inc. v. Hoffman****,* 553 A.2d 900 ([Pa.]1989); ***Borough of Nanty–Glo***[, ***supra.***]). Moreover, "[t]he questions of whether there are material facts in issue and whether the moving party is entitled to summary judgment are matters of law." ***Alderwoods (Pennsylvania), Inc. v. Duquesne Light Co.****,* 106 A.3d 27, 34 n. 5 ([Pa.]2014) (citations omitted).

***Bailets v. Pennsylvania Tpk. Comm'n***, 123 A.3d 300, 304 (Pa.2015).

First, Appellant claims he is entitled to relief under the Dram Shop Act, which provides, in relevant part:

> **§ 4-493. Unlawful acts relative to liquor, malt and brewed beverages and licensees**

The term "licensee," when used in this section, shall mean those persons licensed under the provisions of Article IV, unless the context clearly indicates otherwise.

**It shall be unlawful--**

**(1) Furnishing liquor or malt or brewed beverages to certain persons.** For any licensee or the board, or any employe, servant or agent of such licensee or of the board, or any other person, to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given, to any person visibly intoxicated, or to any minor: Provided further, That notwithstanding any other provision of law, no cause of action will exist against a licensee or the board or any employe, servant or agent of such licensee or the board for selling, furnishing or giving any liquor or malt or brewed beverages or permitting any liquor or malt or brewed beverages to be sold, furnished or given to any insane person, any habitual drunkard or person of known intemperate habits unless the person sold, furnished or given alcohol is visibly intoxicated or is a minor.

47 Pa.C.S. § 4-493.

A violation of the Dram Shop Act is deemed negligence *per se*. ***Johnson v. Harris***, 615 A.2d 771, 775 ([Pa.Super.]1992) (citation omitted).

However, before liability may be imposed on the liquor-license holder ("liquor licensee"), the petitioner must establish that he or she is part of the protected class the statute is designed to safeguard. ***See McCloud v. McLaughlin***, 837 A.2d 541, 545 (Pa.Super.2003) (stating that before an individual can be held negligent *per se*, his violation of the statute must cause the kind of harm the statute was intended to avoid and cause that harm to a person within the class of persons the statute was intended to protect) (citation omitted). Here, the Dram Shop Act's purpose is "to protect an individual's rights from the harm caused by the negligent service of alcohol." ***Zygmuntowicz v. Hospitality Investments, Inc.***, 828 F.Supp. 346, 349 (E.D.Pa.1993). "Specifically, Pennsylvania purports to protect society in general and the

intoxicated persons themselves from their inability to exercise due care." *Id.* (citing *Schelin v. Goldberg*, 146 A.2d 648, 652 ([Pa.Super.]1958), *Majors v. Brodhead Hotel*, 205 A.2d 873, 875 ([Pa.]1965))….

[The Dram Shop Act] attempts to protect third persons from harm caused off the [liquor] licensee's premises by customers of a liquor licensee who were served while visibly intoxicated [or a minor]….

It is clear that most citizens of the Commonwealth are a protected class. The most common "Dram Shop" claim typically involves an intoxicated person that leaves a bar and then injures a third person during a motor vehicle accident. In these incidents, the citizen is typically unaware of the person's intoxicated state, and has not confronted or intentionally engaged the intoxicated person in any way.

*Juszczyszyn v. Taiwo*, 113 A.3d 853, 858-59 (Pa.Super.2015).

Here, after numerous depositions and hearings, Appellant has failed to produce any evidence that the drink Guerrero consumed came from the restaurant. At a status conference on November 27, 2013, the court told Appellant he must establish some connection between what Guerrero drank and the Appellees by March 1, 2014. As of February 2015, Appellant had failed to do so. Appellant objects to the trial court's ruling that there was some evidence that the bottle of Absolut came from a gift basket. We find this objection inconsequential. Whether the bottle of Absolut in question came from a gift basket is not a question of material fact. Even if it did not come from the gift basket, Appellant has produced no evidence connecting the bottle to the restaurant.

Appellant is correct that many Appellees had a duty, in their capacity as licensees under the Dram Shop Act, to protect citizens from under-aged drunk driving accidents, and Appellant was a member of that protected class. Appellant, however, presents no evidence that Appellees breached that duty. Appellant cannot connect the bottle of Absolut to the Appellees. His contention that the bottle of Absolut that Appellees bought at the liquor store in December of 2007 is the only one in the record and it therefore must be the bottle in question is absurd. The bottle could just as easily have come from any other restaurant or any other individual who had purchased a bottle of Absolut.[6]

Because Appellant failed to present evidence showing the existence of the facts essential to his cause of action, the court properly granted summary judgment on the Dram Shop Liability claims. *See* Pa.R.C.P. No. 1035.2, note.

Appellant's social host claims also fail. Although there is some evidence that Little Alfie served Guerrero liquor in his home, he was a minor at the time, and under current law, a minor is not liable for serving another minor as a social host. *See Kapres v. Heller*, 640 A.2d 888, 891 (Pa.1994) ("it is more logical and consistent with the prevailing view on social host liability in this Commonwealth to find that one minor does not owe a duty to

---

[6] As per Appellees' request, we take judicial notice that there is more than one bottle of Absolut in this Commonwealth.

another minor regarding the furnishing or consumption of alcohol.˝). Thus, Appellant sets forth no cause of action and there are no issues of material fact for a jury to resolve.

Whether Moyer put his hand on Guerrero's thigh could have been an issue of material fact had Appellant alleged this fact in his complaint with an accompanying cause of action. He did not, however, and we decline to address this issue. *See Foster v. UPMC South Side HILsz*, 2 A.3d 655, 666 (Pa.Super.2010). ("Pennsylvania is a fact pleading state… Complaints must be pled with the factual specificity to not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but… also [to] formulate the issues by summarizing those facts essential to support the claim.").

Appellant's **Nanty-Glo** claims lack merit. Appellant is correct that oral testimony alone, of the moving party or his witnesses, *i.e.,* affidavits or depositions, even if uncontradicted, is generally insufficient to establish the absence of a genuine issue of material fact. Appellant, however, has failed to establish that an issue of material fact exists in the first place under the Dram Shop Act or social host precepts. Thus, summary judgment was proper.

In his second issue, Appellant claims the trial court erred by granting Appellees' motion *in limine* to preclude the report and opinions of expert Elizabeth A. Trendowski, as an expert in the field of liquor liability. He

claims Trendowski had knowledge beyond that possessed by a layperson, that she should have been admitted as an expert, and that her testimony would have established Appellees' negligence and helped the jury assess punitive damages. We disagree.

The Pennsylvania Rules of Evidence provide, in pertinent part:

**Rule 702. Testimony by Expert Witnesses**

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge is beyond that possessed by the average layperson;

(b) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; and

(c) the expert's methodology is generally accepted in the relevant field.

Pa.R.E. 702.

Our standard of review in cases involving the admission of expert testimony is broad: "Generally speaking, the admission of expert testimony is a matter left largely to the discretion of the trial court, and its rulings thereon will not be reversed absent an abuse of discretion." *Commonwealth v. Brown*, 596 A.2d 840, 842 ([Pa.Super.1991), *appeal denied,* 532 Pa. 660, 616 A.2d 982 (1992) (quoting *Palmer v. Lapp*, 572 A.2d 12, 15–16 (Pa.Super.1990)). An expert's testimony is admissible when it is based on facts of record and will not cause confusion or prejudice. *Brown, supra.*

*Commonwealth v. Watson*, 945 A.2d 174, 176 (Pa.Super.2008).

Expert opinion testimony is only proper where "formation of an opinion on a subject requires knowledge, information, or skill beyond what is possessed by the ordinary juror." ***Ovitsky v. Capital City Econ. Dev. Corp.***, 846 A.2d 124, 126 (Pa.Super.2004) (quoting ***Commonwealth v. Carter,*** 589 A.2d 1133, 1134 (Pa.Super.1991). "The admission of opinion evidence by experts, however, has never been held to take away from the jury its power and duty to determine the evidentiary facts." ***Brueckner v. City of Pittsburgh,*** 84 A.2d 197, 199 (Pa.1951). ***See also Ryan v. Furey***, 298, 303 A.2d 221, 224 (Pa.Super.1973).

Here, Appellant wanted to include expert Trendowski's report which stated:

> Unless information becomes available to state that the bottle claimed to be bought by Sam Brog on his American Express at La Dolce Casa was in fact in December 2007, then a probable conclusion to make may be that Chamita Guerrero was furnished or provided Absolut from La Dolce Casa's inventory on January 22, 2008.

Trendowski's Expert Report.

The trial court acted within its discretion in excluding this expert report. The question of whether the bottle of Absolut came from La Dolce Casa is a straightforward question of fact for which expert testimony is unnecessary. Further, there is no need for an expert to assess damages because Appellant has failed to establish liability.

In his third issue, Appellant argues the court abused its discretion in denying his motion to preclude evidence of Guerrero's ingestion of Xanax.

Appellant insists that vodka alone was in Guerrero's system, as indicated by the toxicologist's report. The toxicologist's report, however, was testing Guerrero's blood for alcohol, not Xanax, and therefore does not eliminate the possibility that the drug was in Guerrero's system. Further, there is testimonial evidence of Guerrero's ingestion of Xanax. Regardless, Appellant fails to articulate any reason why evidence of Guerrero's Xanax use is not admissible evidence.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/5/2016