Donald FEELEY

v.

UNITED STATES of America.

Civ. A. No. 28643.

United States District Court
E. D. Pennsylvania.

Aug. 28, 1963.

BODY, District Judge.

This action was brought to recover damages under the Federal Tort Claims Act, 28 U.S.C.A. § 1346, for personal injuries and aggravation of a pre-existing psychoneurosis sustained by plaintiff as a result of being pinned between a United States Postal vehicle and a meter-collection truck of the City of Philadelphia. This Court, after trial without a jury, entered judgment against the United States and in favor of the plaintiff in the amount of $33,241.00.

Defendant attacks the findings of fact and conclusions of law filed herein asking that they be amended or, in the alternative, that a new trial be granted. The record is complete and since it appears justice was done, the motion for new trial will be denied.

▮ With regard to ᵗthe findings of fact bearing on liability filed by this Court, it is sufficient to say that they meet the requirements of Rule 52, Federal Rules of Civil Procedure, in that they constitute findings as to the ultimate facts necessary to a proper decision on the merits and support the judgment rendered. Bowles v. Cudahy Packing Company, 154 F.2d 891 (3d Cir., 1946).

However, in order that there may be no question as to the basis of the findings herein they will be discussed for the benefit of counsel.

Briefly stated, the testimony in this case shows that plaintiff stood behind the double-parked city vehicle during the course of his duties as a meter collector. Without warning to him, the Post Office truck which had also been double-parked, approached from his rear pinning his leg between its bumper and that of the city truck causing the physical injuries in question.

Since the city truck never moved, and since the Post Office truck did move, it is obvious that the instrument of injury was the Post Office truck alone. This truck had been left unattended in the street with its motor running. If its emergency brake had been properly ap-

Jerome E. Ornsteen, of Beasley & Ornsteen, Philadelphia, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., Sullivan Cistone, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

plied, it would have remained in place. It was parked on a slight rising grade and it had been left in forward gear. This caused the truck to advance uphill and strike the plaintiff. There is competent testimony in the record to support this view of the facts, and it is unnecessary for this Court to negate all possible alternatives. Bowles v. Cudahy Packing Company, supra.

█ Under the facts above set forth, it is clear that there was a violation of the Pennsylvania Motor Vehicle Code; Act of April 29, 1959, P.L. 58, § 1022; Purdons Stat. Anno. Tit. 75, § 1022; on the part of the United States. It further appears that this violation proximately caused the injury to plaintiff. The result is that defendant is liable under the doctrine of negligence *per se* since the statute violated was clearly intended to protect the class of which the plaintiff was a member from the very type of harm which occurred. Restatement of Torts § 286. Moreover, even absent the statute, there is ample support in the record for the finding of negligence on the part of the defendant. The facts set forth in the findings support the conclusion that negligence existed.

There was no contributory negligence on the part of the plaintiff. The contentions of defendant seem to be primarily directed otherwise to an attack on the amount of the damages as excessive. In the first instance, it is well to remember that some items of damages are incapable of precise ascertainment since all reasonable men will not agree as to the precise dollar amount.

However, it is clear that a District Court must make specific findings of fact in order to distinguish various elements and the amounts allocable to each. Hatahley et al. v. United States, 351 U.S. 173, 182, 76 S.Ct. 745, 3 L.Ed.2d 148 (1956).

An examination of the findings entered herein discloses that the following awards were specifically made for each of the respective elements of damage:

| | |
|---|---|
| Medical expense to time of trial | $ 3,941.00 |
| Future psychiatric medical expense | 12,000.00 |
| Loss of wages to time of trial | 3,300.00 |
| | $19,241.00 |

We deem it only fair to the defendant to clarify further the findings as to damages by specifying additional findings as follows:

| | |
|---|---|
| Future wage loss | $ 4,000.00 |
| Past pain and suffering | 8,000.00 |
| Future pain and suffering | 2,000.00 |
| | $14,000.00 |

██ This case involves an aggravation of plaintiff's pre-existing psychoneurosis. Therefore, in addition to the pain and suffering resulting from the injury to his knee, he is entitled to an award for the unusual amount of mental suffering due to the psychoneurosis, anxiety reaction, which occurred here. The record simply supports the amount awarded and it is unnecessary to list the many elements of this mental suffering which existed up to the time of trial and which will continue for some time in the future. In fact, the award could have been much higher had this Court believed certain of the testimony presented by plaintiff's witnesses. The amount allocated to future psychiatric care is that amount necessary to return the plaintiff to the condition he was in prior to the accident.