224 Pa. Superior Ct. 241 (1973)
DeMaine, Appellant,
v.
Brillhart.
Superior Court of Pennsylvania.
Argued March 12, 1973.
April 12, 1973.
*242 Before WRIGHT, P.J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.
*243 Victor Dell'Alba, for appellant.
Robert J. Stewart, with him Liverant, Senft & Cohen, for appellee.
OPINION BY CERCONE, J., April 12, 1973:
This is an appeal in a trespass case from the lower court's refusal to grant plaintiff a new trial after a jury verdict in favor of the defendant. Plaintiff argues that the trial judge erred in his charge to the jury.
The facts are as follows:
On the evening of August 19, 1966, plaintiff, then age 17, with four other minor friends, including Jimmy Christmas, then age 12, and Denise Ferree, then age 15, were passengers in an automobile driven by defendant Gary Brillhart, then age 17. Defendant stopped his car on a steep grade and, according to his testimony, set his emergency brake, turned off the lights, shut off the ignition, and got out of the car along with plaintiff and two of the passengers. They walked 50-90 feet down the hill to talk to some friends who were in a car behind defendant's car. Unfortunately, in his car the defendant had left the key in the ignition and also the 12 and 15-year-old passengers. Defendant also failed to turn his wheels into the curb or highway, as required by The Vehicle Code.[1]
*244 Shortly after defendant and plaintiff got out of the car, Denise, the 15-year-old, crawled from her seat in the back of the car into the front driver's seat. The testimony is conflicting as to her activities with regard to the car's controls and steering wheel.[2] It is not contradicted, however, that the car began to move down the steep grade, picking up momentum, with motor running, striking the plaintiff who, with his back to the car was, with defendant, talking to his friends.
With this set of facts in evidence, the trial judge charged as follows: "If you determine that the car came back down the street solely because the defendant did not put on his emergency brake effectively and because he did not turn his wheels in and that Denise Ferree had nothing to do with it then this would be negligence and this could be the proximate cause of the accident to the plaintiff. On the other hand, ladies and gentlemen, if you decide that even though the defendant *245 may have improperly parked the car in violation of the statute, if you find that Denise is the one who somehow got the car started then that is the end of the case and you must find in favor of the defendant because it is the law that the defendant could not foresee and had no duty to foresee that Denise would start the car. . . ." Plaintiff contends that this instruction improperly withdrew from the jury's consideration two important issues constituting a main theory of liability relied upon by him, to-wit: whether or not defendant was negligent in leaving his vehicle unattended with the key in the ignition, with two youthful passengers therein, and whether Denise's conduct should have been foreseen by him. We must agree with the plaintiff that these issues were for the jury's consideration under the evidence in this case and that the trial judge therefore erred in charging "it is the law that defendant could not foresee and had no duty to foresee that Denise would start the car." In Glass v. Freeman, 430 Pa. 21 (1968), the court held it was foreseeable that the 7-year-old son of the defendant would, in his father's absence, climb aboard and drive the tractor which defendant had been operating and had for a short time left unattended with its motor running. The court there further reasoned: "Since it was foreseeable that the boy might attempt to drive the tractor, it was also foreseeable that he would drive it negligently. A seven-year-old hardly can be expected to have the ability or judgment to operate a piece of heavy equipment safely." The court in that case rejected defendant's argument that the son's actions constituted a superseding cause, the court logically reasoning: "Bauman also maintains that even if he was negligent in leaving the tractor unattended, his negligence was not the proximate cause of the accident because Jimmy's actions were a superseding cause. There is no merit in this position. Since the possibility of Jimmy's negligence is what made the father's conduct *246 negligent, the son's actions were not a superseding cause. Anderson v. Bushong Pontiac Co., supra; Kuhns v. Brugger, 390 Pa. 331, 347, 135 A. 2d 395, 404 (1957); Reichvalder v. Taylor, supra; Restatement 2d Torts § 449 (1965)."
In Anderson v. Bushong Pontiac Co., 404 Pa. 382 (1961), the court found that a 14-year-old boy's theft of the vehicle and his subsequent negligence in its operation did not insulate defendant from liability for its negligence in leaving the keys in the car under the circumstances there attending, the court saying: "And § 449 [of the Restatement] states, `If the realizable likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious or criminal does not prevent the actor from being liable for harm caused thereby.'"
In this case the trial judge by his above-quoted instruction improperly withdrew from the jury any consideration by it of the foreseeability of Denise's conduct and thus incorrectly precluded a finding of negligence on the part of the defendant in failing to guard against it. The instruction also improperly assumed that the conduct of Denise would be a superseding cause insulating defendant from liability. Under the evidence and the applicable law as above quoted, the jury should have been charged that if they found Denise's conduct caused the vehicle to start and such conduct was foreseeable, defendant (1) would be guilty of negligence in failing to anticipate and guard against her conduct; and (2) would not be relieved of liability for such negligence by reason of Denise's conduct being a superseding cause, since that conduct constituted the basis of defendant's liability.
The court's instruction also deprived the jury of passing upon another issue present in the case which *247 supported defendant's liability, and as to which the foreseeability of Denise's conduct was immaterial, to-wit: the issue of whether or not Denise's conduct would have caused the car to move directly backward into plaintiff had defendant engaged his emergency brake effectively and turned the car wheels into the curb or highway as he was required by law to do. The judge's charge permits the jury to absolve the defendant by the mere finding that Denise's activities had started the car in motion, whereas, the jury should have been permitted to determine whether or not defendant's improper parking contributed to and combined with Denise's conduct to bring about plaintiff's injury. Under the law defendant would be liable if Denise's conduct, whether or not foreseeable, would not have caused the automobile to run straight down hill into the plaintiff but for defendant's failure to properly set his emergency brake and turn the car wheels into the curb or highway. In other words, if defendant's improper parking combined with Denise's conduct (whether or not her conduct was foreseeable[3] to bring about the accident) defendant would be liable to the plaintiff. As clearly stated in Majors v. Brodhead Hotel, 416 Pa. 265 (1965), at page 273: "This rule is not novel. It `is only an application of the general principle that the fact that some other cause concurs with the negligence of the defendant in producing an injury does not relieve the defendant from liability unless he can show that such other cause would have produced the injury independently of his negligence,' Carlson v. A. & P. Corrugated Box Corporation, 364 Pa. 216, 223, 72 A. 2d *248 290, 293 (1950). See Yenchko v. Grontkowski, 385 Pa. 272, 122 A. 2d 705 (1956)." Under the evidence in this case the jury could have found that Denise's conduct would not in and of itself have caused the accident. As the court observed in Boushell v. J.H. Beers, Inc., 215 Pa. Superior Ct. 439, 443 (1969): "To escape liability, the defendant must show not only that the other causes contributed but, in addition, that they would have brought about the injury without his wrongful act."
The fact that defendant's negligence in parking would not have resulted in the accident but for Denise's conduct in starting the vehicle, would not allow defendant to escape liability so long as his negligence did contribute to bringing about the accident. In Bleman v. Gold, 431 Pa. 348 (1968), the rule was stated at page 353 in the following manner: "`One who negligently creates a dangerous condition cannot escape liability for the natural and probable consequences thereof, although the innocent act of a third party may have contributed to the final result. And when there are two contributing factors, it is not proximity in time that determines which of them is the proximate cause of the resulting injury. Mars v. Meadville Telephone Co., 344 Pa. 29, 31. . . .'" Under the evidence in this case defendant's negligence in parking can be found to be not antecedent or remote negligence, but a continuing factor in causing plaintiff's injury. In St. John v. Kepler, 360 Pa. 528 (1948), at page 534, the court reasoned in a manner strikingly pertinent to the facts of this case: "There is nothing in the evidence to suggest that there would have been any accident had it not been for the defendants' continuing negligence which first put the decedent in peril and which existed when the negligence on Ganoe's part turned the peril into actual injury. In such circumstances, `the negligence are concurrent and both defendants are jointly *249 and severally liable for the injuries thereby occasioned': Hughes v. Pittsburgh Transportation Co., 300 Pa. 55, 60, 150 A. 153; cf. O'Malley v. Philadelphia Rapid Transit Company, 248 Pa. 292, 295, 93 A. 1014; see also Restatement, Torts, § 447(c)."
The court also erroneously charged the jury that the jury could find plaintiff guilty of contributory negligence in positioning himself behind defendant's vehicle.
If plaintiff's position behind defendant's vehicle became one of danger because of defendant's negligence, plaintiff is not prevented from recovery. Plaintiff as defendant's passenger was not required to exercise the same measure of care as the defendant driver (Harris v. Oostdyk Motor Trans. Corp., 340 Pa. 478 at 480 (1941)). Nor was plaintiff bound to investigate and ascertain whether or not defendant had taken the required precautions to prevent injury to him in his position behind the vehicle. Plaintiff would be permitted to assume, and feel secure, there being no testimony as to his knowledge of facts indicating the contrary, that defendant would take the necessary precautions called for by plaintiff's position behind the vehicle, especially since defendant occupied a similar position. Plaintiff was not bound to anticipate his driver's negligence: Kerr v. Suwak, 336 Pa. 561, 569 (1939). In the absence of evidence indicating plaintiff's knowledge of facts putting him on notice of defendant's negligence, a finding of contributory negligence under the law could not be supported. The trial judge therefore should not have placed this issue before the jury for its determination.
For the reasons herein stated, the order refusing a new trial is therefore reversed, and the case is remanded for a new trial consistent with this opinion.
NOTES
[1] Section 1022 of the Act of April 29, 1959, P.L. 58, 75 P.S. § 1022 provides: "No person having control or charge of a motor vehicle, shall allow such vehicle to stand on any highway unattended, without first effectively setting the brakes thereon and stopping the motor of said vehicle, and when standing upon any grade, without turning the front wheels of such vehicle to the curb or side of the highway."
[2] The trial judge in his charge commented on Denise's testimony as follows: "I have indicated that the evidence on what Denise did is seriously contradicted and you are going to have to resolve that conflict in the testimony. That is up to you. The defendant produced evidence to indicate that she did in fact handle the wheel and in trying to turn the radio on at least bumped the wheel and told the officer she was turning the wheel. And therefore, ladies and gentlemen, you have to determine whether or not she did in some way start the car or do something in such a fashion as to start this car coming back. Denise herself testified that she did not do anything to start this car coming back. She said she went up there solely to try to get the radio on and she said, as I recall, but your recollection must govern, No, I didn't do anything after I got up there, and about getting the car started to drift back, she apparently told the officer and this is undisputed, she was turning the steering wheel and she says she didn't turn it but this is solely for your consideration."
[3] It can be seen from the within recitation of the law that what force actually started the car into motion would become immaterial if the jury were to find, as it could under the evidence, that the car would not, upon starting, have moved downhill into plaintiff had defendant properly set his emergency brake and turned the car wheels into the curb or highway.