689 A.2d 311

Everett **SANTARLAS** and Linda Santarlas, Appellants,

v.

**LEASEWAY MOTORCAR TRANSPORT CO.,** and Leaseway Motor Car, and Leaseway Transportation–ADC and Chrysler Corporation, and Family Jeep Eagle, Inc.

Superior Court of Pennsylvania.

Argued Dec. 11, 1996.

Filed Feb. 12, 1997.

Michael N. Borish, Philadelphia, for appellants.

Peggy Greenfield, Ardmore, for Family Jeep Eagle, appellees.

Before MCEWEN, P.J., and CAVANAUGH and TAMILIA, JJ.

CAVANAUGH, Judge.

Plaintiffs, Everett Santarlas and his wife, brought suit against defendant after he was struck by a vehicle that was stolen from defendant's auto dealership, Family Jeep Eagle, Inc.[1] Plaintiffs argue that defendant was negligent in not taking steps to prevent the vehicle from being stolen from the lot and that defendant's negligence caused the subsequent accident and injuries. At the liability phase of a bifurcated

---

1. The remaining named defendants were dismissed by stipulation at the time of trial.

jury trial a verdict was entered in favor of defendant. Plaintiff now appeals raising three issues:

1) Did the trial court err in failing to instruct the jury that a violation of the Unattended Motor Vehicle Statute, 75 Pa.C.S.A. § 3701, was negligence *per se?*

2) Did the trial court err in refusing to admit into evidence the police reports of the incidents of motor vehicle vandalism at defendant's dealership prior to the accident on October 8, 1991?

3) Did the trial court err and abuse its discretion in bifurcating the issues of liability and damages?

On October 8, 1991, five jeeps were delivered to Family Jeep Eagle, Inc., at the Philadelphia Auto Mall. The vehicles were left with the keys in the ignition until they were inspected by an employee of defendant. During this procedure, two men entered the lot and stole two of the jeeps that had just been delivered, before they were inspected and the keys removed. The theft of the vehicles occurred at 4:00 P.M. and shortly thereafter, one of the stolen jeeps struck plaintiff, a tow truck driver, as he was attending to a disabled motorist on the Passyunk Avenue Bridge, less than two miles from the dealership. The jury returned a verdict in favor of defendant finding no negligence.

Appellants' first argument on appeal is that the trial court erred in not charging the jury that a violation of the Unattended Motor Vehicle Statute constitutes negligence *per se.* They argue that by not instructing the jury on this point the trial court improperly created an exception where the statute does not apply. The trial court held that the statute was not applicable to the present facts because neither the letter nor the spirit of the law applied to the facts of this case. The court charged the jury concerning common law negligence and causation.

A trial court is bound to charge only on that law for which there is factual support in the record. *Lockhart v. List,* 542 Pa. 141, 147, 665 A.2d 1176, 1179 (1995); *Hamley v. George,* 365 Pa. 543, 76 A.2d 181 (1950). As a general rule,

refusal to give a requested jury instruction containing a correct statement of the law relating to the issues raised by the evidence is grounds for a new trial unless the substance of that point has been covered in the court's charge as a whole. *Ottavio v. Fibreboard Corporation,* 421 Pa.Super. 284, 285, 617 A.2d 1296, 1302 (1992) (en banc). A jury charge must be examined in its entirety to determine if there was prejudicial error. *Harkins v. Calumet Realty Company,* 418 Pa.Super. 405, 416, 614 A.2d 699, 705 (1992). Error will be found where the jury was misled or where there was an omission which amounts to a fundamental error. *Lockhart, supra* at 147, 665 A.2d at 1179.

In construing a legislative enactment in the absence of legislative definitions, words must be afforded their ordinary meanings and common usage. 1 Pa.C.S.A. § 1903(a); *Reich v. City of Reading,* 3 Pa.Cmwlth. 511, 516, 284 A.2d 315, 318 (1971). In interpreting statutes, the general rules of statutory construction require that we ascertain and effectuate the legislative intent of the statute. 1 Pa.C.S.A.1921(a). In ascertaining legislative intent it is presumed that all statutes be reasonably interpreted, and not construed so as to lead to absurd, unjust, or oppressive results. *Girard Trust Co. v. City of Philadelphia,* 369 Pa. 499, 87 A.2d 277 (1952); *Spigelmire v. School District of North Braddock,* 352 Pa. 504, 43 A.2d 229 (1945). Neither party has cited, nor does our research disclose, any relevant legislative history of this statute to aid in our interpretation.

 The statute at issue provides:
§ 3701. Unattended Motor Vehicle
(a) No person driving or in charge of a motor vehicle shall permit the vehicle to stand unattended without ... locking the ignition in vehicles so equipped, [and] removing the key from the ignition ...

75 Pa.C.S.A. § 3701 (1976).

In view of the controlling standards, appellants' argument must fail. A reasonable interpretation of the Unattended Motor Vehicle Statute leads to the conclusion that the legisla-

ture intended this statute to govern private ownership and usage of motor vehicles and not the commercial control of inventory by dealers in motor vehicles. The ordinary meaning of the language "[n]o person driving or in charge of a motor vehicle" supports this conclusion that this statute applies to conventional usage by lawful possessors of automobiles and not to the operations of commercial car dealerships. We find no case law inconsistent with this interpretation. *DeMaine v. Brillhart,* 224 Pa.Super. 241, 303 A.2d 506 (1973) (liability for a foreseeable injury resulting from leaving children in an unattended motor vehicle); *Feeley v. United States,* 220 F.Supp. 718 (E.D.Pa.1963) (district court applying Pennsylvania law held defendant was negligent *per se* for leaving his truck unattended with the motor running and the vehicle moved forward striking plaintiff) *vacated on other grounds,* 337 F.2d 924 (3rd Cir.1964). We agree with the trial court that the statute does not regulate appellee's conduct and find that the court was correct in not giving this instruction to the jury as it was not supported by the facts.

 Having decided the statute is not applicable to the case at bar we need not address the trial court's comments that the statute also does not apply to instances where theft is involved. However, we do note that the cases which have applied this statute support the conclusion that the statute addresses situations where plaintiff is injured as a result of the foreseeable activation of a vehicle left unattended with the key in the ignition, not the deliberate theft of an unattended car on a dealer's lot. *DeMaine, supra; Feeley, supra.* The parties do not cite, nor do we find, any authority applying this statute to situations where a car was deliberately stolen from a commercial car dealer's lot and subsequently injured a person.[2] We would agree with the trial court's construction of this statute that it is a regulatory statute dealing with the safe use of motor vehicles and not the prevention of theft.[3]

---

**2.** Indeed, application of the instant statute to the facts at hand would also implicate a serious question of proximate

**3.** The trial court also commented on theft constituting a superceding intervening cause. However, this jury never got to the issue of causa-

■ Appellants' second argument is that the trial court erred in excluding from evidence five occurrences of vandalism on defendant's premises in the two years before the incident. The court excluded the evidence of vandalism holding it was irrelevant.

■■ A trial judge has broad powers concerning the conduct of trial, particularly with regard to the admission or exclusion of evidence. *Micciche v. Eastern Elevator Co.,* 435 Pa.Super. 219, 645 A.2d 278 (1994); *Plowman v. Plowman,* 409 Pa.Super. 143, 597 A.2d 701 (1991). The admission or exclusion of evidence is within the sound discretion of the trial judge, and may be reversed only where there was a clear abuse of discretion. *Id.* The fundamental consideration in reviewing the trial court's decision regarding the admission of evidence is its relevance. *Martin v. Soblotney,* 502 Pa. 418, 466 A.2d 1022, 1024 (1983); *Majdic v. Cincinnati Machine Company,* 370 Pa.Super. 611, 618, 537 A.2d 334, 338 (1988) (en banc). Evidence is relevant if it tends to make a fact at issue more or less probable. *Id.*

Appellants sought to introduce evidence of vandalism to prove that appellee was placed on notice of the likelihood of theft. Acts of vandalism are not probatively linked to actual theft of motor vehicles and we find that exclusion of this evidence was not an abuse of discretion.

■ Appellants' final claim is that the trial court erred in bifurcating the trial. A court decision to bifurcate will not be disturbed on appeal absent an abuse of discretion. *Coleman v. Philadelphia Newspapers, Inc.,* 391 Pa.Super. 140, 145–146, 570 A.2d 552, 555 (1990); *Sacco v. City of Scranton,* 115 Pa.Cmwlth. 512, 517, 540 A.2d 1370, 1372 (1988). Pursuant to Pa.R.C.P. 213(b) and Pa.R.C.P. 224, the trial court may order bifurcation on its own motion in furtherance of convenience or to avoid prejudice. *Id.* Bifurcation may be used as a means to insure against taint of the jury through sympathy occasioned by knowledge of the severity of the injury. *Ptak v. Mason-*

tion because it found no negligence. Therefore, the issue had no bearing upon the verdict.

*town Men's Softball League,* 414 Pa.Super. 425, 430, 607 A.2d 297, 300 (1992).

■ Instantly, bifurcation was not an abuse of discretion. Appellants' argue that the judicial policy of avoiding piecemeal litigation entitled them to a full and fair hearing. They support this contention by claiming that any damage aspect of the case would have only taken one additional day and not prejudiced appellee. We conclude that the order of bifurcation was an efficient employment of court resources and in fact worked to avoid rather than promote prejudice to either litigant.

In sum, the trial court was correct in not charging the jury with the Unattended Motor Vehicle Statute because reasonable interpretation renders the statute inapplicable to the instant factual situation. Nor did the trial court abuse its discretion in excluding the irrelevant evidence of vandalism or in bifurcating the trial.

Judgment affirmed.