**Gladys McCLINTOCK, Individually and as Administratrix of the Estate of Robert D. McClintock, Deceased, Appellant,**

**v.**

**Bernard WORKS, Jr., t/d/b/a "Works Towing Service" and/or Bernard Works, Raymond Works and David A. Works, t/d/b/a "Works Auto and Truck Service" and Keystone Lime Co., Inc., a Corporation, Appellees,**

**v.**

**James Robert MILLER, Appellee.**

Superior Court of Pennsylvania.

Argued April 15, 1998.

Filed July 29, 1998.

Reargument Denied Oct. 2, 1998.

John P. Joyce, Pittsburgh, for appellant.

John D. Newborg, Pittsburgh, for Bernard Works, Jr., etc., appellees.

James F. O'Malley, Johnston, for James Robert Miller, appellee.

Before DEL SOLE, TAMILIA and EAKIN, JJ.

TAMILIA, Judge:

Appellants, Gladys McClintock and the Estate of Robert D. McClintock, appeal from the judgment entered on October 1, 1997, following a trial in which the jury found no negligence on the part of appellees, Bernard Works, Jr., t/d/b/a "Works Towing Service" and Bernard Works, Raymond Works and David A. Works, t/d/b/a "Works Auto Truck Service" (hereinafter Works). Appellants claim the trial court committed reversible error by refusing to instruct the jury as to the standard of care mandated by certain provisions of the Vehicle Code and regulations of the Pennsylvania Department of Transportation.

The trial court summarized the facts of this case as follows.

On August 19, 1988, Works became involved in the removal of a tractor-trailer rig which had gone over an embankment off the eastbound lane of U.S. Route 40 in Addison Township, Somerset County, Pennsylvania. In order to remove the rig, the Works crew had to obstruct normal traffic flow at times.

Works received authorization from the owner of the rig to begin its task at approximately 10:00 A.M. and actually began to work at approximately 12:30 P.M. once the necessary equipment had been brought to the site.

At some point during the afternoon, the Pennsylvania State Police called out a crew from the Pennsylvania Department of Transportation (hereafter "PennDOT") to direct traffic. One of the members of the PennDOT crew was [appellants'] decedent, Robert [D.] McClintock. The PennDOT crew set up warning signs and positioned themselves along Route 40 in order to control traffic around the work site.

During the evening hours, the PennDOT crew became concerned about darkness, and at least one member of the crew expressed this concern to a representative of Works. The Works representative responded by stating that they were going to continue to work until the job was completed. The work then continued into the nighttime hours.

At approximately 11:00 P. M., Mr. [McClintock] was performing his duties as a member of the PennDOT crew. [Appellee] Miller was operating his vehicle in a westerly direction along Route 40 and struck another vehicle as he approached the work site. Either Miller's vehicle or the vehicle with which he collided struck Mr. McClintock, who later died of his injuries.

(Trial Court Opinion, Cascio, J., 7/1/97, at 2–3.)

On August 17, 1990, appellants filed suit against Works and Keystone Lime Company, Inc.[1] Works thereafter filed a complaint to join James Robert Miller as an additional

---

1. In late summer of 1986, Keystone Lime Company, Inc. had applied "a bituminous seal coat" to the portion of Route 40 in question. In their complaint, appellants alleged that Keystone negligently surfaced the roadway and thereby contributed to causing the death of appellants' decedent.

defendant.[2] In response to Works' complaint, Miller filed an answer and new matter in which he asserted that appellants had released him from all claims related to the instant case. Record #17, Answer and New Matter, Exhibit A, Partial Release.

On June 20, 1994, Works filed a motion for summary judgment, which was denied by the court. The case then moved forward, however, appellants and Keystone subsequently entered into a "Pro Rata Joint Tortfeasor Release Agreement." After trial had commenced, the court granted appellants' motion to voluntarily discontinue its action against Keystone.

On November 19, 1996, the jury found appellee Works was not negligent. Consequently it did not address the alleged negligence of appellee Miller, as Miller remained in the case only on a claim of contribution pursued by Works. Appellants' motion for post-trial relief was denied following which they filed notice of this appeal.[3]

■ Before addressing appellants' argument on appeal, this Court must first address appellee Miller's contention that appellants waived any issues pertaining to him by failing to raise them in a motion for post-trial relief.

In order to preserve an issue for appeal, a party must usually raise it both at trial and in a motion for post-trial relief. Pa.R.C.P. 227.1, **Post–Trial Relief**, (b). "The purpose of post-trial motions is to allow a trial court the opportunity to consider and rule upon allegations of error committed by it." *In the Matter of Smith*, 393 Pa.Super. 39, 49, 573 A.2d 1077, 1081 (1990). An issue not raised in the lower court is generally waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302, **Requisites for Reviewable Issue**, (a) **General Rule.**

We find this appeal does not fit within the above-mentioned general rule. Although Miller contends the jury ruled in his favor, the jury in fact never addressed his alleged

negligence and/or liability. Miller remained in the case only on a claim of contribution pursued by Works. Since the jury found Works was not liable to appellants, it simply never reached the question of Works' right to claim recovery from Miller. Parties cannot be expected to raise issues related to questions that the jury never addressed.

More importantly, by challenging an issue related to Works' liability, appellants necessarily implicate Works' right to recover from Miller on a claim of contribution. The soundness of this principle is illustrated by the parties' various interests in this case. Appellants have no incentive to raise an issue directly related to Miller because, of course, they have already settled with him. Works also has no reason to make claims related to Miller. In order to recover from Miller, Works would have to be liable to appellants. Essentially, Works would have to argue *that it was liable to appellants* so as to preserve an issue for appeal. The Rules of Civil and Appellate Procedure were obviously not intended to create such a situation. Consequently, appellee-Miller's claim is without merit.

■ On appeal, appellants argue the trial court improperly refused to charge the jury as to the particular standard of care required of Works. When reviewing a trial court's charge to the jury, this Court will grant a new trial only if the record reveals an abuse of discretion or an error of law that controlled the outcome of the case. *D'Ardenne v. Strawbridge & Clothier, Inc.*, 712 A.2d 318 (Pa.Super. 1998), *citing Stewart v. Motts*, 539 Pa. 596,, 654 A.2d 535, 540 (1995). An inadequate jury instruction may amount to reversible error if it has a tendency to mislead the jury or if it omits material, which is basic or fundamental. *Santarlas v. Leaseway Motorcar Transport Co.*, 456 Pa.Super. 34, 37–38, 689 A.2d 311, 312 (1997). Although a trial court need not use the specific language requested by a party, its words

---

**2.** Although the complaint refers to Robert James Miller, appellee's correct name is James Robert Miller. (Appellee Miller's Brief at 4.) .

**3.** Appellants filed this appeal following the denial of their post-trial motions. However, an Order

dismissing post-trial motions after a trial is not appealable until judgment is entered. *Slagter v. Mix*, 441 Pa. 272, 272 A.2d 885 (1971). In this case, judgment was not entered until October 1, 1997.

must "sufficiently and fully convey the rules of law applicable to the case." *Bailey v. Pennsylvania Elec. Co.*, 409 Pa.Super. 374, 390, 598 A.2d 41, 49 (1991). When the facts are disputed, the trial court's charge should address any theory or defense that has support in the evidence. *Id.*; *D'Ardenne, supra.*

■ In this case, appellants' proposed points for charge concerned provisions of the Vehicle Code and the concept of negligence per se. Proposed Point for Charge No. 3 stated "[t]he provisions of a statute and of an administrative regulation may establish a standard of conduct whose violation is negligence as a matter of law." Proposed Point for Charge No. 4 then described the laws and regulations which are the subject of this appeal. One portion of the charge addressed section 6123 of the Vehicle Code, **Erection of traffic-control devices while working,** and its accompanying regulations. Section 6123 states: "Any person performing any work on or near the roadway which may create hazards shall erect traffic-control devices in accordance with the rules and regulations of the department for the maintenance and protection of traffic." The accompanying regulations provide, "Final responsibility for the protection of the public and the employees in work zones shall rest with the contractor or agency performing the work." 67 Pa.Code § 203.7, **Application,** (d) **Final responsibility.**[4] The other portion of proposed charge No. 4 dealt with section 3351(a) of the Vehicle Code, **Stopping, standing and parking outside business and residence districts,** (a) **General rule,** which states that if a vehicle is stopped on the roadway, "an unobstructed width of the highway opposite the vehicle shall be left for the free passage of other vehicles and the vehicle shall be visible from a distance of 500 feet in each direction."

We find that appellants' proposed jury instructions concern a basic or fundamental aspect of the law about which the jury should have been informed. The above statutes and regulations were intended to prevent the harm of which appellants complain. *See Gravlin v. Fredavid Builders & Developers*, 450 Pa.Super. 655, 661–63, 677 A.2d 1235, 1239 (1996). The concept of negligence per se does not, of course, establish liability on the part of Works. *Id.* at 659–61, 677 A.2d at 1238. Nevertheless, it is relevant to the facts of this case and possibly could have controlled the case's outcome.

Although the trial court determined the aforementioned statutes were applicable (T.T. Excerpt, 11/14/96, at 9), it refused to instruct the jury accordingly. It found Works was performing emergency recovery work and that section 6123 only "govern[ed] the conduct of construction, maintenance and similar projects." (Trial Court Opinion at 6.) *See also* 67 Pa.Code § 203.8, **Work exempt from this chapter,** (a)(3). The record, however, clearly indicates that Works' activities were of a non-emergency nature. Furthermore, an exemption from Department of Transportation regulations does not relieve a contractor of final responsibility for the protection of persons in the work zone. 67 Pa.Code § 203.7(d), **Final responsibility.**

Throughout the trial, Works argued that it was not responsible for the safety of persons in the work zone as PennDOT had taken charge of directing traffic around the recovery operation (T.T. Excerpts, 11/13/96, at 19–21; 11/14/96, at 32, 34–36; 11/15/96, at 34). This argument is plainly prohibited by Department of Transportation regulations. 67 Pa.Code § 203.7(d). Moreover, no PennDOT official on site had the authority to shut down the Works' job (T.T. Excerpt, 11/13/96, at 12). As a result, the refusal to give an appropriate instruction allowed the jury to be unduly influenced by a legally impermissible argument.

■ With regard to 75 Pa.C.S.A. § 3351 **Stopping, standing and parking outside business and residence districts,** the trial court found that there "was insufficient evidence in the record to support a charge."

---

**4.** Work zone is defined as "[t]he work area and the section of highway used for traffic control devices related to the work area." 67 Pa.Code § 203.3, **Definitions.** Work area is in turn defined as "[a] location where construction, maintenance or utility/permit operations are being performed or where previous operations have not yet been completed and potential hazards or traffic obstructions are still present." *Id.* Equipment and material are considered part of the work area. *Id.*

(Trial Court Opinion at 6–7.) The trial court's Opinion, however, reveals a misunderstanding of the amount and type of evidence necessary to support a jury charge. A requested jury charge, which contains a correct statement of the law, need only relate to some issue raised by the evidence. *Santarlas,* 456 Pa.Super. at 37–38, 689 A.2d at 312. "The charge of the trial court should not exclude any theory or defense that has support in the evidence." *Rizzo v. Michener,* 401 Pa.Super. 47, 54, 584 A.2d 973, 976 (1990). Moreover, "where there is a dispute as to what the relevant facts are, this dispute must be submitted to the jury along with instructions on points of law which, with a view to the evidence in the case, are relevant." *Bailey,* 409 Pa.Super. at 390, 598 A.2d at 49, *quoting Ferrick Excavating and Grading Co. v. Senger Trucking Co.,* 506 Pa. 181, 190, 484 A.2d 744, 748 (1984).

As previously indicated section 3351(a) provides that if a vehicle is stopped on the roadway, "an unobstructed width of the highway opposite the vehicle shall be left for the free passage of other vehicles and the vehicle shall be visible from a distance of 500 feet in each direction." In this case, the record contains testimony that an unobstructed lane was not kept open (T.T. Excerpt, 11/13/96, at 21, 45–46). Moreover, there was testimony that the rain and darkness made visibility of Works' equipment and non-electric warning signs "improbable" within 500 feet (T.T. Excerpt, 11/14/96, at 47–48, 52–53). The above evidence, although disputed, is sufficient to support a charge on section 3351(a). Appellants' proposed jury charge accurately stated the law and would have helped the jury determine Works' responsibilities in regard to the work site. As a result, the trial court erred in refusing to so instruct the jury.

Reversed and remanded for a new trial in accordance with this Opinion.

Jurisdiction relinquished.

Dissenting Opinion by EAKIN, J.

EAKIN, Judge, dissenting:

While I agree the appellants have not waived the issues raised, I am constrained to dissent. I believe the decision of the trial court declining to give the proposed points for charge at issue was justifiable under the facts of the case, and accordingly would find no error.