J-A31035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DAVID A. AND KRISTEN E. GULLA, HIS WIFE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| DOUGLAS CHYATTE, | |
| Appellee | No. 618 MDA 2015 |

Appeal from the Judgment Entered March 20, 2015
in the Court of Common Pleas of Luzerne County
Civil Division at No.: 3566-2007

BEFORE:  PANELLA, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED JANUARY 06, 2016**

Appellants, David A. Gulla, and Kristen E. Gulla, his wife, appeal from the judgment entered following a jury verdict in favor of Douglas Chyatte, M.D., Appellee in this medical malpractice case.  Appellants challenge the denial of their motion for judgment notwithstanding the verdict (judgment n.o.v.) and their motion for a new trial.  They also challenge the admission of certain evidence.  We affirm on the basis of the trial court opinion.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them at length here.

_____

[*] Retired Senior Judge assigned to the Superior Court.

We note briefly for the sake of clarity and convenience of reference that Appellant David Gulla underwent spinal surgery, specifically, anterior lumbar interbody fusion (also referred to as "ALIF"), performed by Appellee Dr. Chyatte on April 5, 2005. After he was re-admitted to the hospital with severe pain in the lower back and left leg, Dr. Chyatte performed a second surgery on Mr. Gulla on April 14, 2005. Mr. Gulla had undergone similar surgery previously, in November of 1994, while he was in the Navy. He received a medical discharge in August of 1995. (*See* Appellants' Brief, at 7). Mr. Gulla elected not to undergo a third surgery with Dr. Chyatte. (*See id.* at 11). In September 2010 he underwent surgery with Dr. Christian I. Fras. (*See id.*).

After trial, the jury answered "Yes" to the following question: "Do you find that [Appellee], Douglas Chyatte, MD was negligent?" (Verdict Slip, 10/20/14, at 1; *see also* N.T. Trial, 10/20/14, at 727-30). However, the jury unanimously answered "No" to Question 2, "[W]as the negligence of [Appellee], Douglas Chyatte, MD a factual cause in bringing about the injuries and harm of [Appellant] David A. Gulla?" The jury unanimously answered "Yes" to Question 3, whether Appellee Dr. Chyatte "sufficiently disclosed the risks associated with [ALIF] surgery to [Appellant] David A. Gulla prior to performing the surgery?"

As instructed in the verdict slip, because Appellants could not recover based on the answers to these three questions, the jury did not answer the

- 2 -

remaining three questions, and they returned to the courtroom. (*See* Verdict Slip, at 2). The trial judge polled the jury, which was unanimous. (*See* N.T. Trial, at 730).

Appellants maintain chiefly that the jury's verdict, finding that Dr. Chyatte's negligence was not the factual cause of any harm to Appellants, was against the weight of the evidence, requiring a judgment n.o.v. and a new trial on damages, or a new trial on causation and damages. (*See* Appellants' Brief, at 15).

Appellants raise four questions on appeal:

A. Did the trial court err and abuse its discretion by denying [Appellants'] post-trial motion for judgment n.o.v. as to causation and a new trial on damages?

B. Did the trial court err and abuse its discretion by denying [Appellants'] post-trial motion for a new trial as to both causation and damages?

C. Did the trial court err in allowing the publication to the jury of medical records containing hearsay?

D. Did the trial court err in allowing the publication to the jury of a medical illustration (Exhibit D-82b)?

(Appellants' Brief, at 4).[1]

---

[1] We note for the sake of completeness that there is no indication of any objection to any of the jury instructions in the record, Appellants did not include a challenge to the legal adequacy of the jury instructions in their Concise Statement of Errors, (*see* Concise Statement, 5/06/15, at 1-5), and Appellants do not present any challenge to the jury instructions in their brief on appeal.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court we conclude that there is no merit to the issues Appellants have raised on appeal. The trial court opinion properly disposes of the questions presented. (**See** Trial Court Opinion, 6/05/15, at unnumbered pages 4-8) (finding: (1) it was impossible to find that Appellants were entitled to judgment as matter of law; trial court properly denied judgment n.o.v.; (2) new trial was not warranted when jury did not find negligence to be a substantial factor in causing injury to Appellant where medical experts disagreed on whether alleged injury had occurred; verdict did not shock sense of justice; (3) medical records were properly admitted into evidence; Appellants failed to show how they were prejudiced by publication to jury; and (4) properly authenticated medical illustrations were relevant to show proper placement of "cages" used in spinal surgery; trial court properly permitted publication to jury). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/6/2016

- 4 -

# IN THE COURT OF COMMON PLEAS
## OF LUZERNE COUNTY



DAVID A. GULLA and KRISTEN　　　　:
GULLA, his wife,
　　　　　　　　　　Plaintiffs　　:　　CIVIL ACTION--LAW
　　v.　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
DOUGLAS CHYATTE, MD,　　　　　　　:
GEISINGER MEDICAL CENTER,　　　　:　　NO: 3566 OF 2007
　　　　　　　　　　Defendants　　:

## OPINION PURSUANT TO 1925(a)(1)

BY THE HONORABLE MICHAEL T. VOUGH

　　　Plaintiffs, David A. Gulla and Kristen Gulla, initiated this matter on April 3, 2007 by filing a Praecipe of Summons against Defendants, Douglas Chyatte, MD, Geisinger Medical Center, Geisinger Medical Group, Geisinger Health Group and Geisinger Clinic. A Complaint was eventually filed on March 20, 2008 and alleged medical negligence against the Defendants. Specifically, Plaintiffs claimed that negligent medical surgery and treatment were provided by Douglas Chyatte, MD at the Geisinger Medical Center.

　　　Trial commenced on October 14, 2015 against Defendants Chyatte and Geisinger Medical Center. After four days of testimony, the jury reached a verdict on October 20, 2015. Although the jury found Dr. Chyatte to be negligent, they determined that his negligence was not a factual cause of the injuries suffered by David Gulla. The jury also determined that Dr. Chyatte sufficiently disclosed the risks associated with the surgery to David Gulla.

　　　On October 29, 2014, Plaintiffs filed a motion for post-trial relief requesting a judgment notwithstanding the verdict and a new trial on damages or both damages and



causation. Plaintiffs filed an amended motion for post-trial relief and brief on January 22, 2015. In their amended motion, Plaintiffs again requested a judgment notwithstanding the verdict and a new trial on damages or both damages and causation. Defendants responded to and opposed both motions. On March 11, 2015, an Order was issued denying the motion and amended motion for post-trial relief filed by Plaintiffs.

A timely notice of appeal was filed by Plaintiffs on April 8, 2015. Although Plaintiffs failed to serve this Court with a copy of the notice of appeal as required by Pa.R.A.P. 906(a)(2) we ordered that they file and serve a concise statement of errors complained of on appeal within twenty-one days of April 20, 2015. Plaintiffs filed and served their concise statement on May 6, 2015 to which Defendants responded on May 18, 2015. In their statement, Plaintiffs allege that the trial court erred in denying their motion for a judgment notwithstanding the verdict as to causation and a new trial on damages. They also allege error in denying a new trial as to causation and damages. Finally, Plaintiffs allege error by the trial court in allowing the publication to the jury of medical records containing hearsay and a medical illustration.

A judgment notwithstanding the verdict should only be entered in a clear case with any doubts resolved in favor of the verdict winner. Birth Center v. St. Paul Companies, Inc., 787 A.2d 376, 383 (Pa. 2001) quoting, Moure v. Raeuchle, 604 A.2d 1003, 1007 (Pa. 1992). A judgment notwithstanding the verdict may be entered in two instances: "(1) where the movant is entitled to judgment as a matter of law; and/or (2) the evidence was such that no two reasonable minds could disagree that the verdict should have been rendered for the movant." VanZandt v. Holy Redeemer Hospital, 806 A.2d 879, 885 (Pa.Super. 2002) quoting Parker v. Howard S. Freilich, 803 A.2d 738, 744 (Pa.Super. 2002)(citation omitted).

We may not vacate a jury's verdict unless "the evidence was such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant. Birth Center, 787 A.2d at 383 quoting, Moure, 604 A.2d at 1007.

On April 5, 2005, Dr. Chyatte performed surgery on David Gulla consisting of an anterior lumbar interbody fusion with the placement of two interbody cages. It is this surgery that essentially forms the basis for Plaintiffs' complaint. Plaintiffs' expert, Dr. Gregory J. Przybylski testified as follows:

> In my opinion, Dr. Chyatte deviated from the standard of care in the placement of the paired cages. The purpose of the cages is to safely sit within the perimeter footprint of the vertebral body. And all of the imaging that I reviewed revealed that the left-sided cage was not within that footprint and, in fact, was extraspinal, which led to its subsequent removal after the April 13[th] CT scan was done.

N.T. (10/15/14) at 332.

Dr. Przybylski went on to state:

> In my opinion, to within a reasonable degree of medical certainty, the operations of April 5[th] and April 14[th] did lead to permanent consequences for Mr. Gulla that it continued - - that include continued low back pain, left leg pain, and an L4 and/or L5 distribution accompanied by weakness of his foot. And typically if a neurological deficit is present for two years in a patient of his age group, it is not something that is going to get better.

N.T. (10/15/14) at 348.

Dr. Chyatte testified that cage migration is a known risk of anterior lumbar interbody fusion surgery. N.T. (10/16/14) at 521. The defense expert, Dr. William Welch, also indicated that hardware migration was a known risk of this type of surgery. N.T. (10/17/14) at 608. Dr. Welch also gave an opinion that Dr. Chyatte's care was reasonable and appropriate and within the standard of care. Id. at 620.

As in most medical malpractice cases, there was conflicting testimony presented by the experts. A jury "is free to accept or reject the credibility of both expert and lay witnesses, and to believe all, part or none of the evidence." Gunn v. Grossman, 748 A.2d 1235, 1240 (Pa.Super. 2000) citing Gaydos v. Gaydos, 693 A.2d 1368 (Pa.Super. 1997). "The weight to be assigned to expert testimony lies within the province of the jury." Gunn 748 A.2d at 1240 citing Flanagan v. Labe A.F.L. – C.I.O., 666 A.2d 333, 335 (Pa.Super. 1995).

Plaintiffs allege that they are entitled to a judgment notwithstanding the verdict simply because the jury found Dr. Chyatte to be negligent. This allegation is not supported by the law. A jury is to decide whether a defendant's negligence was a substantial factor in bringing about an injury. Peterson v. Shreiner, 822 A.2d 833, 840 (Pa.Super. 2003). This principle applies to medical malpractice cases as well. "In a medical negligence case, as in negligence cases generally, the plaintiff has the burden of proving that the defendant's conduct was negligent, i.e., fell below the standard of care, and that the negligence was the factual cause of the injury to the plaintiff." Renna v. Schadt, 64 A.3d 658, 668 (Pa.Super. 2013). A finding of negligence does not automatically result in a finding of factual cause. Our review of the evidence presented during trial does not lead us to conclude the verdict should have been rendered for Plaintiffs. It was certainly reasonable for the jury to find that although Dr. Chyatte was negligent, his negligence did not contribute to David Gulla's injuries. Because Plaintiffs were not entitled to a judgment as a matter of law, and it is impossible to find that the jury's verdict should have been in favor of Plaintiffs, their request for a judgment notwithstanding the verdict was properly denied.

With regard to a motion for a new trial, the Pennsylvania Superior Court has summarized its scope of review as follows:

The decision of whether to grant a new trial is within the sound
discretion of the trial court. We will not disturb the trial court's
decision unless the court palpably abused its discretion or committed
an error law. In evaluating an order awarding a new trial, we keep
in mind that a new trial is warranted where the jury's verdict is so
contrary to the evidence as to shock one's sense of justice. However,
a new trial should not be granted because of a mere conflict in
testimony or because the trial judge, on the same facts, would have
arrived at a different conclusion.

Peterson, 822 A.2d at 836 citing Mano v. Madden, 738 A.2d 493, 495-96 (Pa.Super.

1999)(en banc)(citations omitted). "If there is any support in the record for the trial court's

decision to deny a new trial, that decision must be affirmed." Gunn, 748 A.2d at 1239 citing

Johnson v. Hyundai Motor America, 698 A.2d 631 (Pa.Super. 1997).

David Gulla's first back surgery took place in November, 1994. This surgery

involved a spinal fusion of the L5-S1. N.T. (10/14/14) at 132. He has suffered from back

problems for more then twenty years. Defendants' expert, Dr. Welch, testified that he did

not agree that Mr. Gulla's back and leg symptoms and permanency of the condition were

directly related to Dr. Chyatte's surgery. N.T. (10/17/14) at 620. Dr. Welch went on to state:

"I think that Mr. Gulla, unfortunately, has degenerative changes that he's had since probably

his teens, and its ongoing as he gets older." Id.

Where there is no dispute that the defendant is negligent and
both parties' medical experts agree the accident caused some
injury to the plaintiff, the jury may not find the defendant's
negligence was not a substantial factor in bringing about at
least some of plaintiff's injuries. See Neison v. Hines, 539 Pa.
516, 521, 653 A.2d 634, 637 (1995); Mano[1], supra. Compare
Henery v. Shadle, 443 Pa.Super. 331, 661 A.2d 439 (1995),
appeal denied, 542 Pa. 670, 668 A.2d 1133 (1995); Holland v.
Zelnick, 329 Pa.Super. 469, 478 A.2d 885 (1984). Such a verdict
is contrary to the weight of the evidence adduced at trial. See
Neison, supra; Mano, supra. In other words, "a jury is entitled
to reject any and all evidence up until the point at which the verdict
is so disproportionate to the uncontested evidence as to defy common

---

[1] Mano v. Madden, 738 A.2d 493, 495 (Pa.Super. 1999)(en banc).

sense and logic." Neison, supra at 521, 653 A.2d at 637.

Andrews v. Jackson, 800 A.2d 959, 962 (Pa.Super. 2002).

If the medical experts testifying on behalf of both plaintiff and defendant disagree as to whether an alleged injury actually occurred, "it is not against the weight of the evidence for a jury to find that an injury did not occur." Kraner v. Kraner, 841 A.2d 141, 145 (Pa.Super. 2004). A new trial is not warranted when a jury does not find the negligence of defendant to be a substantial factor in causing injury to plaintiff where the medical experts disagree that an alleged injury had occurred. Henery, 661 A.2d at 442. When medical experts disagree on whether an accident caused injury to the plaintiff, the jury is free to accept the testimony of one expert and reject the testimony of the other. Kraner, 841 A.2d at 141 citing Holland v. Zelnick, 478 A.2d 885 (Pa.Super. 1984).

It is highly likely that although the jury found Dr. Chyatte to be negligent, they did not find his negligence to be a factual cause due to Mr. Gulla's significant history of back problems. In no way was our sense of justice shocked by the verdict in this case. There is substantial support in the record for the jury's finding that Dr. Chyatte was negligent but his negligence was not a factual cause of Mr. Gulla's alleged injury. As a result, Plaintiffs' motion for a new trial was properly denied.

Plaintiffs' third allegation of error is that the Court erred in allowing medical records containing hearsay to be published to the jury. At the start of trial, defense counsel objected to allowing the jury to see certain medical records which were to be admitted into evidence as joint exhibits. This objection was overruled. N.T. (10/14/14) at 15-19.

"Medical records are admissible under the hearsay rules as evidence of facts contained therein but not as evidence of medical opinion or diagnosis." Turner v. Valley

Housing Development Corp., 972 A.2d 531, 537 (Pa.Super. 2009) quoting Folger v. Dugan, 876 A.2d 1049, 1055 (Pa.Super. 2005). Medical records may be introduced "as evidence of facts contained therein without producing the person who made the notation in the record or the record's custodian." Folger, 876 A.2d at 1056 citing In re Indyk, 413 A.2d 371, 374 (Pa. 1979).

As previously indicated, the medical records admitted into evidence and shown to the jury were joint exhibits which defense counsel initially attempted to move into evidence. N.T. (10/14/14) at 15. Both parties were permitted to use the exhibits and Plaintiffs make no specific allegation as to how they were prejudiced by their publication to the jury. Allowing the jury to view the medical records admitted into evidence as joint exhibits was not error.

Plaintiffs' final allegation of error concerns medical illustrations publicized to the jury as exhibits. Although Dr. Chyatte did not prepare the illustrations, he did provide the information to the medical illustrator for their preparation. Dr. Chyatte also testified that the illustrations were accurate depictions of ideal cage placement, the actual cage placement, and the location of the cages after Mr. Gulla underwent a second surgery. Id. at 107-109.

In addressing the admissibility of evidence the Pennsylvania Superior Court has stated: "The admission or exclusion of evidence is within the sound discretion of the trial court, and in reviewing a challenge to the admissibility of evidence, we will only reverse a ruling by the trial court upon a showing that it abused its discretion or committed an error of law." McManamon v. Washko, 906 A.2d 1259, 1268 (Pa.Super. 2006) quoting B.K.v. J.K., 823 A.2d 987, 991-92 (Pa.Super. 2003). An evidentiary ruling must be erroneous as well as harmful or prejudicial before it will amount to reversible error. Turney Media Fuel, Inc. v. Toll Bros., 725 A.2d 836, 839 (Pa.Super. 1999). "The fundamental consideration in

reviewing a trial court's decision regarding the admission of evidence is its relevance."

Santarlas v. Leaseway Motorcar Transport Co., 689 A.2d 311, 313-14 (Pa.Super.

1997)(citations omitted). "Evidence is relevant if it tends to make a fact at issue more or less

probable." Id. at 314. Clearly the medical illustrations were relevant since they showed the

proper placement of the cages, the actual placement location of the cages and location of the

cages at the time of the second surgery.

With regard to demonstrative evidence such as these medical illustrations, the

comment to Pennsylvania Rule of Evidence 901 provides: "Demonstrative evidence such as

photographs, motion pictures, diagrams and models must be authenticated by evidence

sufficient to support a finding that the demonstrative evidence fairly and accurately

represents that which it purports to depict." Pa.R.E. 901, Comment.

> Demonstrative evidence is "tendered for the purpose of rendering
> other evidence more comprehensible for the trier of fact." 2 McCormick
> on Evidence Section 212 (5th ed. 1999). "As in the admission of
> other evidence, a trial court may admit demonstrative evidence whose
> relevance outweighs any potential prejudicial effect." *Commonwealth v.
> Serge*, 586 Pa. 671, 896 A.2d 1170, 1177 (2006)(citation omitted).
> "Demonstrative evidence may be authenticated by testimony from a witness
> who has knowledge 'that a matter is what it claimed to be.'" *Id.* (citing
> Pa.R.E. 901(b)(1)).

Kopytin v. Aschinger, 947 A.2d 739, 747 (Pa.Super. 2008).

The medical illustrations were used by Defendants to make the placement of the

cages more understandable for the jury. Their relevance outweighed any potential prejudicial

effect and Dr. Chyatte sufficiently authenticated each illustration. As a result, the medical

illustrations were properly admitted into evidence and published to the jury at trial.

BY THE COURT:

MICHAEL T. VOUGH,     J.

DATE: _____ 6-5-15 _____

Copies To:
Ralph Johnston, Jr., Esquire
Charles E. Wasilefski, Esquire
Donald F. Ladd, Esquire